[No. 6301.]

## RICE V. RHONE ET AL.

1. **Mechanic's Lien—Statement—Items Improperly Charged** —To include in the lien statement items which cannot be made the subject of the lien claimed will not defeat the lien as to those items for which the property is justly chargeable.—(43)

2. ——**Material Furnished to Sub-contractor on Credit of Contractor**—Where material is furnished to a sub-contractor, on the credit of the principal contractor, the material man may enforce a lien, to the extent of what remains due under the contract to such principal contractor; but this must be established by evidence, not only of what the contractor has received, as compared with the contract price, but to what extent he has performed his contract.—(45-47)

3. ——**Sub-contractor's Lien—Contractor Abandoning—** Where the principal contractor abandons his contract, and the landowner completes the building, the lien of the sub-contractor attaches, to the extent of the cost of completion, less by what remained due the contractor at the time of abandonment.—(46)

Any indemnity received by the landowner from the sureties of the principal contractor is to be taken into account.—(46)

.4. ——**Claim of Sub-contractor—Time of Filing**—Under the Statute (Laws 1899, c. 118, § 9; 3 Mills' Stats., Rev. Supp., § 2875; Rev. Stats., § 4033) the sub-contractor may file his lien statement at any time after the last material is furnished, or the last labor performed, and before the expiration of two months after the completion of the building.—(47)

*Error to Mesa District Court*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. CARNAHAN & VAN HOORBEKE and Mr. BEN GRIFFITH for plaintiff in error.

Mr. HENRY R. RHONE, Mr. S. D. CRUMP and Mr. HENRY C. ALLEN for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Rice brought suit against Ida C. Rhone and others to establish a mechanic's lien upon property of Mrs. Rhone. The judgment rendered denied his right to a lien. He has attempted to have that judgment reviewed on appeal. The mere question of a right to a lien asserted by a lien claimant does not present a question which he can have reviewed on appeal, but as Mrs. Rhone has entered an appearance, we have directed that the cause be entered as pending on error, and will consider it accordingly.

Mrs. Rhone made a written contract with the firm of Mowrey & Klein to construct a house for her. Under this contract these parties were to do certain work, and furnish certain materials for the sum of $2,486.00. The contract was duly recorded. Rice claimed to have furnished the contractors certain materials for the construction of the house. The contractors failed to pay him in full for these materials, and for the balance due, amounting to the sum of $566.72, he filed a lien statement.

In his complaint to foreclose, credits for payments made after the statement was filed were given, which reduced the amount of his account to $484.72. There is no question, from the testimony, but that this sum is unpaid. The ultimate one is, whether or not the judgment of the District Court, in denying plaintiff a lien, is correct. Part of the materials for which a lien is claimed consisted of cement, of the value of $401.60. Mowrey & Klein, at the time they were constructing the Rhone residence, were also engaged in constructing several

other buildings, and also sidewalks. In all of these they were using cement.

The testimony establishes that cement purchased by Mowrey & Klein from Rice of the value of $401.60 was used by them in the construction of the house; but counsel for Mrs. Rhone contends that no lien can be enforced for the value of this material for the reason the evidence discloses that it was sold to the contractors on their credit alone, his contention being that there can be no lien for materials furnished solely on the credit of the person ordering them, though they may afterwards be used in the construction of the building upon which a lien is claimed. In the circumstances of this case, it is not necessary to determine that question. When an account embraced in a lien statement includes items which cannot be made the subject of the lien claimed, it will not defeat the right thereto for the value of those items which are properly chargeable as a lien. The total amount of indebtedness for materials furnished, including the cement, as set out in the lien statement, was $1,060.72. This included items for materials for lumber, frames, shingles, and other material manufactured from lumber, and mill work. The value of these items, after deducting the cement account, exceeds the amount for which a lien is claimed, and if for such items the claimant is entitled to a lien to the extent the property of Mrs. Rhone may be subjected thereto, the account for the cement is eliminated.

It appears that a firm known as Miller & Nelson had taken the contract from Mowrey & Klein to do the carpenter work. Rice furnished the material to Mowrey & Klein which constitutes the items for the balance of his account for which a lien is claimed, after deducting the value of the cement. The court found that the materials delivered to Miller &

Nelson by Rice were furnished to them, and not to Mowrey & Klein. In making this finding the trial judge seems to have been largely influenced by the fact that on the books of Rice the material delivered to Miller & Nelson was designated "Miller & Nelson —Rhone job, bought of P. A. Rice." These entries do not justify the finding made. The testimony shows that the items furnished Miller & Nelson were at the instance and request of Mowrey & Klein; that the latter were to pay for them. They were purchasing materials from Rice for other jobs, and in order to avoid confusion, and for the purpose of identifying the materials furnished for the construction of the Rhone house, the account therefor was kept separate under the headings above noticed. It is true Klein testified that under the contract with Miller & Nelson the latter were to furnish the materials, but this testimony is not only clearly against the overwhelming weight of the testimony on the subject, but was evidently disregarded by the court; for, in the judgment rendered, Rice was given judgment against Klein, the only member of the firm served, for the balance due for these items, thus determining, as a matter of fact (which guides us here), that Mowrey & Klein were the purchasers of the items under consideration.

The evidence establishes that the material represented by these items was used in the construction of the residence; was sold by Rice to Mowrey & Klein to be used for that purpose; that it has not been paid for; and the remaining question to determine is, whether or not plaintiff made a case which entitled him to a lien for the value of these items, or some part thereof.

As work progressed Mrs. Rhone paid the contractors, Mowrey & Klein, the sum of $1,400.00. Shortly after the last payment, these contractors

abandoned the work. Miller & Nelson did likewise. It appears from the testimony that Mrs. Rhone had exacted from the contractors, Mowrey & Klein, an indemnity bond, upon which she was paid the sum of $1,250.00, after they abandoned the contract. That is, the surety paid that sum rather than complete the contract, so that Mrs. Rhone had the benefit of this amount in completing the building according to the specifications of the contract. Mrs. Rhone completed the work, and made some payments to parties for materials furnished and work done prior to the abandonment. Counsel for plaintiff assert that payments made by Mrs. Rhone after the contractors abandoned the work were at her peril, and that she had no right to pay one subcontractor in full, and another nothing. This is equivalent to saying that Mrs. Rhone paid out money which should, in whole or in part, have been applied on the Rice account. Counsel have failed to point out any such items, and we cannot resort to conjecture on this subject.

It is also urged by counsel for Rice that the only inquiry under the pleadings was, what was due, or to become due, the contractors on their contract at the time notice of lien statement was given, and that plaintiff was entitled to have such moneys applied upon his claim. There is no evidence to show what was due the contractors at the time suggested by counsel. They had been paid $1,400.00, but whether or not they had so far completed their contract at the time notice of lien statement was given that according to its terms something was due them, the record is silent.

The claim that the lien of Rice would attach to what might become due the contractors after they abandoned the contract depends upon what it cost Mrs. Rhone to complete the house. This will be con-

sidered in connection with the contention of counsel for Mrs. Rhone, which is to the effect that a contractor's abandonment of his contract under such circumstances that nothing is due him, deprives those claiming under him of all right of lien. In the circumstances of this case, this is not the criterion by which to ascertain the rights of Rice. Under our Mechanic's Lien Act, § 4025 *supra,* subcontractors are entitled to a lien for materials furnished or labor performed to the extent of the contract price agreed upon between the owner and contractor in a sum sufficient to satisfy their claims. When the contract was abandoned, there remained in the hands of Mrs. Rhone the sum of $1,086.00, with which to complete the work, that being the difference between the amount she had paid and the contract price. Where a contractor abandons his contract and the owner completes the building according to the specifications, the lien of subcontractors attaches to the difference between amount paid at time of abandonment and the contract price, less the sum it cost to complete it. *Van Clief v. Van Vechten,* 130 N. Y. 571. From the bond of indemnity given by the contractors Mrs. Rhone realized $1,250.00. This must be taken into account in determining whether, as a matter of fact, she expended any more than the contract price. The payment of this sum by the surety inured to the benefit of Mrs. Rhone, and all others interested in the contract which it was given to secure, the same as though she had settled with Mowrey & Klein after they abandoned the contract for this sum and had thereafter completed the work. She paid out $874.21 more than the contract price, in order to complete the building. As an offset against this, she has received the sum of $1,250.00; and notwithstanding the fact that Mowrey & Klein abandoned

the contract, is ahead $375.79. So that, as a matter of fact, it only cost her to complete the house, including what she had disbursed prior to the abandonment of the contract, the sum of $2,110.21, or $375.79 less than the contract price. As under the statute the lien of a sub-contractor attaches to the full amount of the contract price to the extent necessary to satisfy his lien, and it appearing that after the contract was completed there remained in the hands of Mrs. Rhone the sum of $375.79 over and above what it cost her to complete the work as agreed upon in the original contract, a lien in favor of plaintiff attached to the structure and ground upon which it was located in this sum.—*Jarvis v. State Bank*, 22 Colo. 309.

It is finally urged by counsel for Mrs. Rhone that the lien statement filed by Rice is void for the reason that it was filed before the building was completed. It was not filed until after the last materials had been furnished by him; and *Tabor-Pierce Lumber Co. v. International Trust Co.*, 19 Col. App. 108, is not in point. The decision in that case, to the effect that a lien statement could not be filed until after the building was completed, was based upon the provisions of the law of 1893. Under the act governing the case at bar—§ 4033, Rev. Stats.; § 2875, 3 Mills' Rev. Supp.—sub-contractors furnishing materials for the erection of a building may file their lien statement after the last materials are furnished, and at any time before the expiration of two months next after the completion of the building for which such materials were furnished. From the record before us, the district court erred in denying plaintiff a right to a lien in the sum we have indicated, and its judgment in this respect is, therefore, reversed, and the cause remanded, with directions to enter judgment in favor of plaintiff,

establishing a lien on the Rhone premises in the sum of $375.79, with interest from the date of filing his lien statement, and costs, together with such further relief as is usually given lien claimants when judgment is rendered in their favor.

*Reversed and remanded with directions.*

Chief Justice Steele and Mr. Justice Bailey concur.

Decided May 2, A. D. 1910; rehearing denied Nov. 14, A. D. 1910.