## No. 10,106.

### NATIONAL BANK OF WRAY v. WILDMAN.

Decided April 3, 1922.

Action on promissory note. Judgment for defendant.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court, made on conflicting evidence, will not be disturbed on review.

2.  PRINCIPAL AND AGENT—*Unauthorized Acts—Ratification—Burden*

*of Proof*. The burden of proving ratification of an agent's unauthorized acts rests on the party asserting it; but where an agent makes an unauthorized contract, and knowledge that he has done so is brought home to his principal who thereupon ratifies a portion of the contract and accepts the proceeds thereof, the burden rests upon the principal to show that he had no knowledge of the unratified portion, and that such lack of knowledge was not due to want of diligence.

3.    *Ratification in part.* A principal may not affirm a portion of an unauthorized contract, and disaffirm the remainder.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Mr. E. B. SIMMONS, Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. M. M. BULKELEY, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error executed his note for $600.00 secured by chattel mortgage on certain corn. This note was owned by one Simmons, who assigned it to plaintiff in error as collateral. The bank sought to replevin the corn. Defendant, alleging accord and satisfaction, prevailed herein, and plaintiff brings error.

Upon sufficient evidence the trial court found that Simmons settled with defendant for three horses and a certain assignment of interest in an estate. Credit was given by the bank for the horses but is refused for the assignment. Defendant contends that at the time of his settlement with Simmons he had no notice of the bank's interest and that Simmons dealt with him as owner. On these questions the evidence is conflicting. The trial court accepted defendant's version and we are bound thereby.

The testimony shows that the credit given Simmons by the bank was not conditioned on the collateral; that Simmons was looking after the note and started the present suit without directions from plaintiff; that the bank gave

the matter no particular attention and sent no notice to defendant; that Simmons sent a man for the horses with a written order referring to them as "the horses I purchased"; that no communication passed between defendant and the bank; that the bank gave credit for the horses according to Simmons' contract; that three days prior to the bringing of this suit the bank wrote one Martin, a constable, concerning the corn in question and transmitted to him certain instructions relating thereto which it represented to be the instructions of Simmons. Defendant contends that Simmons had full authority from the bank to settle the note as owner and we think this evidence supports that contention.

Assuming that Simmons acted without authority, knowledge that he had done so was brought home to plaintiff. If it knew the full extent of that action, it has ratified. If it knew only of the amount agreed upon for the horses, accepted the contract as far as apprised thereof, and made no effort to acquaint itself with the details, it is bound.

The burden of proving ratification of an agent's unauthorized acts rests on the party asserting it. As a general rule, when such ratification is alleged, there must be proof that the details of the transaction were brought home to the principal. Where, however, an agent makes an unauthorized contract, and knowledge that he has done so is brought home to his principal who thereupon ratifies a portion of the contract and accepts the proceeds thereof, the burden rests upon the principal to show that he had no knowledge of the unratified portion and that such lack of knowledge was not due to want of diligence. A principal may not affirm a portion of an unauthorized contract and disaffirm the remainder.

"For the application of this rule it is not necessary to show that the principal, who takes advantage of an unauthorized contract by his agent, had knowledge of all the terms and conditions entering into it. *Moyers v. Fogarty*, 140 Ia. 701, 711, 119 N. W. 159, 163.

"In adopting the unauthorized conduct of its agent, the

plaintiff was obliged to inquire and ascertain the full extent of it, or be bound in the same manner as if he had done so." *Aultman Threshing & Engine Co. v. Knoll,* 71 Kan. 109, 79 Pac. 1074, 1076.

None of the Colorado cases cited and relied upon by plaintiff in error involve this question.

Here the unauthorized contract was established, the fact that some such contract had been made was brought home to the principal. A portion thereof was made known in detail to, and ratified by, the principal and there is no evidence that the principal did not know the full details thereof, or that it made any effort to ascertain it. Hence the principal was properly held to have ratified.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE TELLER sitting as Chief Justice.