No. 11,698.

POUDRE VALLEY FURNITURE CO. *v*. CRAW.

Decided December 13, 1926.

Action in replevin. Judgment for defendant.

*Affirmed.*

On Application for Supersedeas.

1. CONTRACT—*Fraud.* Fraud or misrepresentation as an inducement to enter into a contract, may be shown.

2. PRINCIPAL AND AGENT—*Ratification.* A principal may ratify the unauthorized act of his agent, and thus make good a contract claimed not to have been valid in its incipiency.

*Error to the County Court of Larimer County, Hon. G. Warren Culver, Judge.*

Mr. THOMAS J. WARREN, for plaintiff in error.

Mr. MORTIMER STONE, for defendant in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

POUDRE Valley Furniture Company brought an action in replevin against Mrs. Craw, before a justice of the peace, to recover possession of a sweeper, sold on instalments under an agreement that the seller would retain title until the full purchase price had been paid. The company lost the suit, appealed to the county court, lost again, and now brings the case here for review, asking for a supersedeas.

Mrs. Craw had another sweeper and the selling agent agreed to take her old one, at an allowance of thirty dollars on the price of the new; otherwise she would not have bought. Mrs. Craw had the old one shipped from Denver to plaintiff at Fort Collins; plaintiff received and uncrated it, kept it for several months in its store, and then attempted to return it on the ground that the agent was not authorized to take it in trade. Mrs. Craw had made payments and refused to take the old article back; plaintiff then sued to recover the new one.

Fraud or misrepresentation as an inducement to enter into a contract may be shown. A principal may ratify an unauthorized act of his agent, and thus make good a contract claimed not to have been valid in its incipiency. This is what happened when the company kept the old sweeper for several months. Both of these propositions are elementary.

The case might well have ended with the final judgment of the county court. Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN not participating.