No. 12,462.

Dick *v.* Petersen.
(6 P. [2d] 923)

Decided December 21, 1931.

84

Messrs. Pershing, Nye, Tallmadge & Bosworth, Mr. John Pershing, for plaintiff in error.

Mr. E. Clifford Heald, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This action by plaintiff Petersen against Dick grows out of the following facts: John H. Gordon, Inc., a private business concern incorporated under the statutes of the state of Colorado, and engaged in the business of selling automobiles, sold to the plaintiff an automobile in March, 1927. The writing evidencing the sale contained a provision whereby the corporation seller agreed to furnish the plaintiff purchaser with tire and battery repair work for the period of one year thereafter, the value of which work was to be applied on the purchase price. In April, 1927, a vote was taken by the stockholders of this corporation on the question of its dissolution, and by affirmative vote of those owning and representing all of the outstanding stock of the corporation, it was voted to dissolve the same, notice of which dissolution was published and filed as required by statute, in which was recited such action of the stockholders, and the notice contained a statement that all of the debts of the cor-

poration were paid. The corporation having ceased to do business and purporting to be dissolved, did not furnish to the plaintiff the tire or battery repair work which it had agreed to do. In May, 1928, plaintiff caused a summons to be issued out of a court of the justice of the peace which was served upon one Padget, a director and secretary of the corporation. On June 18, 1928, plaintiff recovered a judgment by default against the corporation in the court of a justice of the peace for breach of the alleged contract, which judgment, amounting to about $238 and costs, remains unpaid.

The object of the present action is to establish Dick's liability as a stockholder and director of Gordon, Inc., for the amount of this judgment on the theory that the same constituted a debt, obligation or liability of the corporation and that its existence rendered the attempted voluntary dissolution void and of no effect as against the plaintiff, and that the defendant as a stockholder and director of the corporation was obliged, as provided by our pertinent statutes, to file an annual report of his corporation in 1928, and for his failure to do so is liable to the plaintiff in the amount of the judgment.

The plaintiff, however, deems the foregoing statement, which is the claim of the defendant, incomplete, if not incorrect, and says that the record sufficiently discloses the following facts which should be considered in determining the true nature of the cause of action upon which plaintiff relies. Between April 1 and April 11, 1927, this corporation, acting by its directors, sold all of its assets for $36,000, a sum in excess of all its debts and obligations by about $13,000, and this sum came into the hands of its directors, including the defendant, by virtue of their management and control of the corporation property and was by them, pursuant to a vote of all the stockholders and directors, including the defendant, distributed as a dividend among the stockholders, leaving nothing with which the company's debts or obligations or liabilities could be discharged or paid. The defendant

was a director of the corporation at the time of the dissolution, or attempted dissolution, and never thereafter resigned under the provisions of section 2316, C. L. 1921, or otherwise; that director Padget, at the time he was served with summons of the justice court in the suit against the corporation, had never resigned his office as director or secretary of the company. Plaintiff further says that in his first cause of action he proceeds upon the theory that the defendant, as a director, and as a trustee of the corporation trust fund property, participated in a distribution to the stockholders of all its corporation assets without discharging or providing for the discharge of the corporation's obligation to the plaintiff reduced to a judgment. In the second cause of action plaintiff proceeded upon the theory that the obligations of the corporation under the contract of plaintiff, whatever they may be, whether debts or obligations, prevented a voluntary dissolution, since no provision was made for their discharge, and that, since the attempted dissolution was and is void as against the plaintiff, the corporation was, and is still, a corporation and consequently obliged to file its annual report in 1928, and the defendant as one of the stockholders and trustees, for his failure to do so is liable for the amount of the justice court judgment.

The district court sustained defendant's demurrer to the first, but overruled the same as to the second, cause of action and trial was had upon the latter. Sustaining the demurrer to the first cause of action, although we think it was improper, was not harmful to the plaintiff and this is so, because every material allegation of the first cause of action was embodied in the second, and, in addition thereto, certain averments are contained therein which were inserted by the plaintiff following the suggestions and rulings of the trial court at the time it held the first cause of action subject to general demurrer.

In our view of this somewhat involved and self-

contradictory record, it is immaterial whether or not a voluntary dissolution of Gordon, Inc., was effected. If the corporation was dissolved, as the defendant contends, section 2300, C. L. 1921, declares what hitherto has been generally considered as a principle of the common law, that such dissolution shall not take away or impair any remedy given against such corporation, its stockholders, directors or officers for any "liabilities" incurred previous to its dissolution. And section 2296, C. L. 1921, provides that such dissolution shall not take away any remedy against the corporation, its officers and directors until all "debts" owing by the corporation are paid. The effect of these two sections is to save to persons to whom the corporation owes "debts" contracted, the right to enforce payment thereof, and to persons in whose favor the corporation has incurred "liabilities" the right to receive satisfaction therefor. In other words, these two statutes are virtually a codification of a common law rule. On the other hand, if dissolution of this corporation was not effected, the claim of the plaintiff, which was reduced to judgment, the validity of which is not challenged, may be satisfied out of the assets of the corporation which the directors wrongfully converted to their own use.

We think the judgment of the trial court was right, not only in its findings of fact from the evidence produced, but in its judgment holding the defendant Dick liable for the plaintiff's claim against the corporation, which was embodied in the judgment of the justice of the peace, although it may be that there is some confusion, and probably the trial court itself has not disclosed in this record the real ground upon which it held the defendant Dick liable.

The plaintiff in error thus summarizes the issues involved in this review: (1) Was the alleged contract between plaintiff and Gordon, Inc., a "debt" within the meaning of section 2296, C. L. 1921, for which the defendant could be held personally responsible? (2) If this issue is answered in the affirmative, then was the de-

fendant Dick obliged under the facts to file an annual report for Gordon, Inc., in the year 1928, so that his failure to do so would render him liable for the debt in question? (3) If the two issues thus stated are answered in the affirmative, does section 2296, C. L. 1921, operate to render a voluntary dissolution, attempted in good faith, void, if such debt is not paid?

The plaintiff, defendant in error Petersen, says that this statement of the issues is incomplete and proceeds to supplement the same by statements which we deem it unnecessary to reproduce.

First, we shall dispose of the defendant's specific objections to the rulings of the trial court. The trial court admitted plaintiff's Exhibit ''A.'' The defendant says this was harmful error. This exhibit is a yellow slip of paper, a form used by Gordon, Inc., purporting to evidence a sale of an automobile, this corporation being then engaged in the business of selling automobiles. Exhibit ''A'' purports to be signed by a salesman of Gordon, Inc., for the sale of a Whippet coach automobile and the terms of the sale are therein stated. Defendant's objections, in substance, are that certain statements inserted in this slip are not shown in any way to have been authorized by Gordon, Inc.; that the exhibit carries no approval by the sales manager and constitutes no evidence of a written agreement entered into by Gordon, Inc., with the plaintiff, and that there was a failure to show any ratification by the corporation of an authorized contract. None of these objections are tenable. The written provision in this contract, to which the chief objection of the defendant is directed, is that one-half of each monthly deferred payment is to be taken up by tire and battery repair work. The plaintiff, without any objection on the part of the defendant, testified fully as to the nature of this agreement. Padget, a director and an officer of Gordon, Inc., represented it in the sale. One copy was kept by the company and the other delivered to Petersen, the buyer. After the sale, evidenced by this

contract, was made, Gordon, Inc., paid $35 on the agreed repair work. Even if the contract embodied in this exhibit was not expressly authorized by Gordon, Inc., at the time of the sale, it accepted and retained the benefits of the transaction with knowledge of the contents of the slip, and it is estopped now to escape liability by denying the authority of the agent who made the contract. Furthermore, the seller received as part payment of the automobile purchased a used car of plaintiff Petersen and has retained the same. The company took Petersen's note for the balance due, representing part of the purchase price, and immediately sold the note to an innocent purchaser, to whom plaintiff was obliged to, and did, pay the same, and the company delivered to plaintiff the car which he purchased. It is idle to argue that Gordon, Inc., was ignorant of the agreement by which it got Petersen's car. In *Moffitt-West Drug Co. v. Lyneman,* 10 Colo. App. 249, 253, 50 Pac. 736, it was said: "There is no principle either in law or in morals which will permit a principal to repudiate the act of his agent and keep the fruits of the act in his pocket. This is precisely what the defendant tried to do." This statement of our Court of Appeals is pertinent to the contention of defendant here. If any other authority is necessary for our conclusion it will be found in *National Bank v. Wildman,* 71 Colo. 247, 205 Pac. 947, and *Poudre Valley Co. v. Craw,* 80 Colo. 353, 251 Pac. 543. Perhaps, we have dealt at too great length upon such an untenable position and argument made by counsel for defendant.

We shall not hold that the liability of defendant is for a failure to file in 1928 the annual report of an existing corporation. We shall place our decision upon another, and what seems to us impregnable, ground. The parties devote much space in their briefs to what we consider immaterial issues. The defendant relies upon decisions of the Court of Appeals of New York in cases like *Bruce v. Platt,* 80 N. Y. 379, which is said to hold that a statute of New York on the subject of the failure of a corpora-

tion to file an annual report, much like ours, is inapplicable to a corporation that has ceased doing business. Such decisions and rulings are not applicable to what we consider the controlling question in the case now before us.

In the famous case of *Wood v. Dummer*, 3 Mason, 308, 30 Fed. Cas. No. 17944, p. 435, Judge Storey enunciated a principle commonly referred to in law books, and designated by courts, as the trust fund doctrine. The courts in this country are not in entire accord as to the sweep of this doctrine, and it has been said by some of them that the principle laid down by Judge Story in his opinion has been carried to unreasonable and indefensible extremes. The learned author in 5 Thompson on Corporations (3d Ed.), p. 253, §3423, et seq., says that while there has been diversity of opinion in the courts as to whether the capital assets of a corporation are a trust fund to the extent that one creditor may not be preferred to another, there has been no conflict on the proposition that they are a trust fund as between stockholders and officers of a corporation and their creditors. This liability of the directors of a dissolved corporation exists whether it arose before or after dissolution. This trust fund doctrine is now embodied in sections 2295, 2296 and 2300, C. L. 1921. These sections, in substance, provide that no voluntary dissolution of a corporation organized under the statutes of the state of Colorado, shall take place until all debts owing by the corporation shall be fully paid, and dissolution, or attempted dissolution, for any cause whatever, of corporations created under Colorado statutes shall not take away or impair any remedy given against such corporations and their officers for any liabilities incurred previous to its attempted dissolution. It will thus be seen that not only "debts" but "liabilities" are included in our statutes. The defendant Dick, as one of the directors of this corporation, assumed, and his counsel in the briefs here say, that the directors effected a dissolution of this corpora-

tion. The defendant may not complain if we hold him to that statement. Assuming then, but not deciding, that this corporation was dissolved, the dissolution does not take away or impair the remedy of any creditor of the corporation for any debts owing or any liabilities incurred by the corporation previous to the dissolution. The uncontradicted evidence in this case is that the directors of this corporation, proceeding under the sections of our statute already quoted, declared the corporation dissolved. They collected assets of the corporation and, after paying what they called the indebtedness of the corporation, about $13,000 was left which these directors divided among the stockholders, including themselves. Under the trust fund doctrine above quoted, they were guilty of an unlawful act, and holders of liabilities against the company can proceed against them for a violation of their common law duty and the duty imposed by our statutes already quoted. *Montgomery v. Whitehead,* 40 Colo. 320, 90 Pac. 509, 11 L. R. A. (N. S.) 230, was an action against stockholders of a mining company to recover from them, as stockholders, certain sums alleged to have been received by them as dividends, in fraud of the rights of plaintiffs as judgment creditors of the mining company. Judgment was rendered against the stockholders, and the court, in speaking of the liability in such cases at page 327 said: "It has always been the law that the property of a corporation must first be appropriated to the debts of the company before any portion of it can be distributed to the stockholders of the company." To this proposition a number of cases, including *Fogg v. Blair,* 133 U. S. 534, 10 Sup. Ct. 338, are cited.

Summing up, we say whether or not there has been a valid dissolution of this corporation is immaterial. Some time before the attempt was made to effect a voluntary dissolution, it had incurred a liability to the plaintiff in this action upon which he had recovered a judgment, which is not paid and remains unsatisfied. The defendant

Dick in this case, as one of the stockholders and directors of Gordon, Inc., upon the assumption that a voluntary dissolution of the company had been effected, thereupon sold all its assets for $36,000, a sum in excess of all its debts and obligations of about $13,000, and this money came into the hands of its directors, including the defendant, and, without attempting to pay or discharge this judgment of the plaintiff, was distributed as a dividend among the stockholders, leaving nothing with which plaintiff's judgment could be paid.

The judgment in plaintiff's favor is unquestionably just and right and it is accordingly affirmed.