## No. 18,123.

GERALD V. BISHOP, AS ADMINISTRATOR, ETC. *v.*
JAMES E. MOORE.
(323 P. [2d] 897)

Decided April 7, 1958.

Messrs. PETRE & ZIMMERMAN, for plaintiff in error.

Mr. WILLIAM R. SHAW, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

BISHOP brought suit against Moore and others to establish and foreclose a mechanic's lien upon property in Aspen, Colorado, belonging to Moore. The judgment rendered in the case denied Bishop's right to a lien, and the administratrix of his estate [he apparently having died subsequent to the entry of judgment] brings the case here on writ of error.

Bishop claimed a lien on defendant Moore's property under the provisions of C.R.S. 1953, 86-3-1 et seq. for labor performed in connection with repairs and remodeling of a residence belonging to defendant Moore. Plaintiff was an employee of Bradfield and Boyd, the principal contractors. Moore, by his answer, denied that any amount was due Bishop; by way of counterclaim Moore alleged that the work done by Bishop, Bradfield and Boyd was so negligently and carelessly performed that Moore had to employ other contractors to re-do said work, to the damage of Moore in the sum of fifteen hundred dollars, for which amount he prayed judgment against Bishop, Bradfield and Boyd.

It appears that Bradfield and Boyd abandoned the work and paid Bishop $224.00 on account of services he had rendered, leaving, as alleged in the complaint a balance of $823.50 due Bishop. The trial court found that the work was not completed and that the work done was unsatisfactory and worthless to defendant Moore and his property.

Among the conclusions of law entered by the trial court was one which held "where a workman looks solely to the contractor for his wages, and performs work under such an understanding, he has no lien; that

plaintiff waived his lien rights, if any he had, against defendant Moore's property." It is urged by counsel for plaintiff that the most important question to be determined is whether any contract or agreement existed between plaintiff and Moore whereby plaintiff waived his rights to assert a mechanic's lien. In essence the testimony discloses that Moore told plaintiff on several occasions that he had overpaid Bradfield and Boyd and that he (Moore) would not be responsible for paying plaintiff and warned plaintiff to quit the job. There is testimony of two witnesses in the record that when plaintiff was advised to quit the job, he replied: "What is losing two weeks pay when at one time I lost thirteen thousand dollars?" There is also some testimony that Bishop said at one time: "They (Bradfield and Boyd) hired me. I will go to them for my money." This was denied by Bishop.

Trial was to the court and resulted in dismissal of plaintiff's complaint against Moore, together with dismissal of defendant Moore's counterclaim against Bishop. No cross-error is assigned.

In the absence of language clearly indicating an intention to waive a lien it is not to be supposed that the contractor intended absolutely to relinquish his statutory right to claim one. Where the terms of the contract, or the evidence offered in support of the alleged waiver of the right to claim a lien are ambiguous the doubt must be resolved against the waiver. A mechanic's lien may be waived by express agreement of the party in whose favor it exists. Applying this rule to the evidence appearing in this record, we are not prepared to hold that Bishop waived his right to a lien.

As to the quality and value of the work performed, however, a very different question is presented. A prime requisite to the establishment of a valid mechanic's lien is that an indebtedness exist in favor of the claimant for labor or materials. Where the labor or materials furnished are in breach of the contract and so

unsatisfactory as to require that either or both be redone at equal or greater expense, clearly they are without value to the property owner and do not constitute an indebtedness. See *Trustee Co. v. Bresnahan,* 119 Colo. 311, 203 P. (2d) 499, where it is said: "* * * there was no right to a mechanic's lien under the statute then existing because an indebtedness is a prerequisite to any mechanic's lien, and none such existed."

The judgment of the trial court that there was no indebtedness is amply supported by competent evidence.

█ Where a case is tried to the court, and the evidence is conflicting the findings of fact are conclusive in the appellate court, unless they are so manifestly against the weight of the evidence as to demonstrate some oversight or mistake on the part of the trial judge.

In *Monyahan v. Lancaster,* 168 Ky. 677, 182 S.W. 862, wherein the defendant in an action by a subcontractor to assert a mechanic's lien maintained that it was not liable, since it had refused to accept the performance tendered by the original contractor, the work, it was alleged, being so defective as to be worthless, the court held that since the defendant had received nothing of value, the subcontractor had no right to a mechanic's lien, and this was so although he might not be responsible for the conditions resulting in the defective performance.

We need not go as far as did the Kentucky court, for here there is a specific finding by the trial court that the work done by Bishop was worthless and had to be "re-done" by defendant Moore. Here the trial court made a definite finding which is amply supported by the evidence in the case.

█ The right to a mechanic's lien given by the statute is based upon considerations of natural justice, namely that one who has enhanced the value of property by attaching thereto his materials or labor shall have a lien therefor.

A leading case in this jurisdiction is *Jarvis v. State*

*Bank,* 22 Colo. 309, 45 Pac. 505, from which we quote: "The only other point pressed in argument is that the contractor failed to perform his contract, no right to a lien, either of the contractor or subcontractor, exists. To this it is sufficient to say that the assumption is not borne out by the evidence, but is contrary thereto. But, if true, the subcontractors, under the facts of the case are entitled to what the work done and the materials furnished are reasonably worth, after deducting any claims for damages for the alleged nonperformance by the contractor, and we must uphold the findings of the trial court in this particular." See, also, *Rice v. Rhone,* 49 Colo. 41, 111 Pac. 585.

The judgment of the trial court is affirmed.