549 P.2d 412 (1976)
SPERRY & MOCK, INC., a Colorado Corporation, Plaintiff-Appellee,
v.
SECURITY SAVINGS & LOAN ASSOCIATION, Defendant-Appellant, and
Harold R. Tripp et al., Defendants.
No. 75-310.
Colorado Court of Appeals, Div. I.
February 19, 1976.
Rehearing Denied March 4, 1976.
Certiorari Denied May 3, 1976.
*413 Isaac, Walsh & Johnson, Edward S. Johnson, Colorado Springs, for plaintiff-appellee.
Quigley, Wilder & Palermo, P. C., Eugene F. Hart, Jr., Colorado Springs, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
The sole issue on this appeal is the validity of the mechanic's lien statements filed by plaintiffs. The facts were stipulated and after argument the court determined that the liens were valid. We modify the judgment entered and remand for entry of judgment in appropriate amount.
Security Savings and Loan Association (Security), the appellant, contends that the liens were filed prematurely and are therefore unenforceable. Plaintiff entered into a written contract on April 23, 1973, to lay linoleum tile and carpeting in two separate houses constructed by the owner. Plaintiff furnished labor and material with a value of $674.84 at 3126 Wesley Lane from September 21-24, 1973. A lien claim was filed on January 23, 1974, for $2081.32 on the property. The balance of the work on this same property was done on March 2, 1974, having a value of $1406.48. At 3210 Wesley Lane, plaintiff furnished labor and material with a value of $456.84 on September 22-25, 1973. A claim was filed on January 23, 1974, for $1771.14. The remainder of the materials were furnished and the work having a value of $1314.30 on this house was done on March 11, 1974. A claim based on an oral contract was filed on January 20, 1974, for $971.23 on the property at 5427 Saddlehorn. All work at 5427 Saddlehorn, having a value of $971.23, was done on April 3, 1974.
Section 38-22-101(1), C.R.S.1973, provides that every person who supplies material or labor shall have a lien upon the property upon which they have supplied materials or labor. Section 38-22-109(1), C.R.S.1973, in providing what shall be set forth in a lien statement states in part:
"(b) The name of the person claiming the lien, the name of the person who furnished the material or performed the labor for which the lien is claimed. . ."
"(c) A description of the property to be charged with the lien, sufficient to identify the same; and
"(d) A statement of the amount due or owing such claimant."
*414 Section 38-22-109(5), C.R.S.1973, provides that:
"[T]he lien statements of all other lien claimants must be filed for record at any time before the expiration of three months after the day on which the last labor was performed or the last material furnished by such lien claimant."
The lien claim filed as to 3126 Wesley Lane stated:
"That the name of the person who furnished the material or performed the labor or services, or supplied the machinery, tools or equipment for which said lien is claimed is Sperry & Mock, Inc."
"That the amount of indebtedness due and owing the claimant for which said lien is claimed, for material furnished, labor and services performed, machinery, tools and equipment supplied is $2081.32, together with interest thereon at the legal rate."
The other lien claim forms were similarly completed and each of them had inserted as the amount due the total value for materials and labor that was eventually supplied when the work was completed on each of the respective houses.
Plaintiff argues that it may at any time up and until three months after the day on which the last labor was performed or last material furnished, file its lien and that there is no such thing as a premature filing of a lien. We disagree.
A prime requisite to the establishment of a valid lien is that an indebtedness exists in favor of the claimant for labor or materials. Bishop v. Moore, 137 Colo. 263, 323 P.2d 897. Here there would be no debt until the materials had been furnished or labor performed and the fact that the materials were later furnished and labor was later performed would not validate a lien claim that had been prematurely filed when no debt existed.
Security next argues that the mechanic's lien claims were filed more than three months after the September work had been performed and that in accordance with § 38-22-109(5), C.R.S.1973, they are invalid. We disagree.
This case is submitted upon stipulated facts. There was a time lag of over three months during which plaintiff neither furnished material nor labor. However, this lien claimant subsequently furnished labor and material; and, therefore, the statutorily designated period had not commenced at the time of the filing of the lien claim statements. In this connection it should be noted that as of October 1, 1975, the period in question was changed from three months to four months. See § 38-22-109(5), C.R.S.1973 (1975 Supp.). The parties stipulated that all of the work was done as set forth above. No question has been raised as to the good faith of plaintiff in filing lien claim statements for excessive amounts. Accordingly, plaintiff's liens filed January 23, 1974, are valid and enforceable to the extent of the value of the material furnished and labor performed prior to the filing thereof which amounts to $674.84 on the house at 3126 Wesley Lane and $456.84 on the house at 3210 Wesley Lane.
Judgment against the owner, Harold R. Tripp, is affirmed. However, lien claims against the property are modified as hereinabove set forth and cause is remanded with direction to enter judgment on the lien claims in favor of plaintiff together with interest from the date the last materials were furnished or labor performed on each of the two houses.
VanCISE and KELLY, JJ., concur.