Richard READER, Robert Kruse, and Styles Adamson, Plaintiffs-Appellees,

v.

DERTINA AND ASSOCIATES MARKETING, INC., and David Dertina, Defendants-Appellants.

No. 82CA1283.

Colorado Court of Appeals, Div. I.

Nov. 23, 1984.

Higgins & Lavinder, Stephen R. Higgins, Englewood, for plaintiffs-appellees.

Wolf & Slatkin, P.C., Walter Slatkin, Denver, for defendants-appellants.

PIERCE, Judge.

Defendants, Dertina and Associates Marketing, Inc. (Dertina), and David Dertina, individually, appeal from a trial court judgment entered against both the corporation and David Dertina in favor of plaintiffs, Richard Reader, Robert Kruse, and Styles Adamson. We affirm.

During 1978, while operating as a sole proprietorship, David Dertina hired Adamson, Reader, and Kruse to perform services for the company in return for commissions, bonuses, and overrides. In 1979, the business was incorporated with David Dertina as the sole stockholder.

After being discharged from their employment, plaintiffs sued defendants for commissions and bonuses due and owing for services rendered in 1978 and 1979. Dertina counterclaimed, arguing plaintiffs had breached their contract by neglecting their duties. The trial court found that plaintiffs had worked diligently, faithfully, and satisfactorily and awarded monetary damages for services rendered for management overrides, consulting fees, and bonuses.

David Dertina first argues that the trial court improperly pierced the corporate veil to find him personally liable to plaintiffs for sums due after the corporation was formed. We disagree.

If the corporate veil is pierced by application of the alter ego doctrine, stockholders may be held personally liable for corporate obligations. This doctrine arises in cases where the corporate entity has been used to defeat public convenience, or to justify or protect wrong, fraud, or crime, or in other similar situations where equity requires. *Fink v. Montgomery Elevator Co.*, 161 Colo. 342, 421 P.2d 735 (1966).

Here, the testimony showed that the business had been incorporated as a mere formality for IRS purposes; that no director's meetings were held; that David Dertina retained total control of company operations; that David Dertina set the commission structures; that he took money from the corporate account for personal purchases; that ample earnings were made after incorporation; that plaintiffs performed valuable services for the corporation; and that Dertina made promises of possible ownership sharing and future benefits to the plaintiffs. Thus, there is a sound basis for the conclusion that David Dertina used the corporate entity principally as an instrumentality for the transaction of his own affairs; that there was a unity of interest in ownership such that separate personalities of the corporation and David Dertina himself did not exist; and that adherence to the corporate entity would promote injustice. *See Fink v. Montgomery Elevator Co., supra; Rosebud Corp. v. Boggio*, 39 Colo.App. 84, 561 P.2d 367 (1977). The trial court's finding that the corporation was operated as the alter ego of David Dertina, therefore, is justified.

Dertina next argues the trial court improperly admitted testimony on issues concerning piercing the corporate veil, because these matters were not included in plaintiffs' trial data certificate as required by Second Judicial District's Rule 14. We disagree.

Although local Rule 14 states compliance is mandatory, it also states that a non-complying party will not be precluded from testifying on his or her own behalf. Thus, the testimony was appropriately admitted.

 Dertina's argument seems to imply that the trial data certificate under local Rule 14 has the force and effect of a pretrial order under C.R.C.P. 16. As Dertina pointed out at trial, local Rule 14 was instituted for the purpose of avoiding the necessity of having the pretrial conference and the pretrial order unless requested by the parties. Thus, local Rule 14 governs the course of the trial. Rule 14, however, does not specifically provide for modification of the trial data certificate as to the information provided and theories asserted therein. Such an omission does not limit the trial court's discretion to modify the certificate in order to prevent an injustice. *See Francisco v. Cascade Investment Co.*, 29 Colo. App. 516, 486 P.2d 447 (1971); C.R.C.P. 16(c). The trial court, here, heard counsels' arguments and ruled that the issues were framed by the pleadings. Moreover, plaintiffs in their trial data certificate claim that "defendants and defendant corporation" agreed to pay them commissions and bonuses. Thus, Dertina's narrow reading of Rule 14 is not warranted. *See Lewis v. Martin*, 30 Colo.App. 342, 492 P.2d 877 (1971).

Since plaintiffs sued both Dertina, individually, and the corporation and plaintiffs' claims concerning the corporate veil and the alter ego doctrine were properly detailed and formed in their complaint, the necessary facts were present to warrant finding both individual and corporate liability. We therefore presume the validity of the judgment entered. *See Haskell v. Gross*, 145 Colo. 365, 358 P.2d 1024 (1961).

 Dertina's final argument, that the court erred in finding there was no breach of employment duties by plaintiffs, lacks merit. The finding of the trial court is supported by evidence in the record and thus is binding on appeal. *Colorado River Water Conservation District v. Municipal Subdistrict*, 198 Colo. 352, 610 P.2d 81 (1979).

The judgment is affirmed.

STERNBERG and BABCOCK, JJ., concur.