Harry BUTTERMORE, dba High
Country Painting, Plaintiff,

v.

FIRESTONE TIRE AND RUBBER
COMPANY, an Ohio corporation,
Defendant-Appellant,

and

Leroy Schmidt Masonry, Inc., and
Shireman Electric Construction
Co., Defendants-Appellees.

No. 85CA0237.

Colorado Court of Appeals,
Div. I.

May 29, 1986.

Cole, Hecox, Tolley, Keene & Beltz, P.C., Thomas L. Kennedy, Colorado Springs, for defendant-appellant.

Stauffer, Otto & Davidson, Kenneth E. Davidson, Colorado Springs, for defendants-appellees.

BERMAN, Judge.

Contending that genuine issues of material fact remain relative to the award of money damages and attorneys fees to two mechanics' liens claimants, Leroy Schmidt Masonry, Inc. (Schmidt) and Shireman Electric Construction Company (Shireman), defendant Firestone Tire and Rubber Company appeals the summary judgments entered against it. We affirm in part and reverse in part.

Firestone contracted with Rocky Mountain Pacific Builders (Rocky Mountain) for the construction of a building to be owned and occupied by Firestone. Although Rocky Mountain was paid in full by Firestone, Rocky Mountain failed to pay certain subcontractors and materialmen. As a result this action was initiated, and Schmidt and Shireman were joined as party defendants because they filed mechanics' liens. Defendants also filed a cross-claim seeking a money judgment and lien against Firestone.

Upon completion of discovery, counsel for Firestone determined that Firestone had no defense to the action for foreclosure of the mechanics' liens of Schmidt and Shireman. Thereafter, Schmidt and Shireman filed motions for summary judgments, and Firestone elected not to respond to these motions. The trial court granted the summary judgments on the mechanics' liens and also awarded Schmidt and Shireman money damages and attorneys fees.

Firestone contends that the trial court erred in awarding money damages. We disagree.

A lien claimant may pursue his remedy for a money judgment notwithstanding his right to a lien. *Tighe v. Kenyon*, 681 P.2d 547 (Colo.App.1984). By agreeing to make checks payable to both the contractor and subcontractor jointly, Firestone, in effect, ratified the account between the contractor and subcontractor. This is a sufficient basis for a personal judgment against Firestone. *See Lewis v. Martin*, 30 Colo.App. 342, 492 P.2d 877 (1971).

When the moving party shows by affidavit and depositions specific facts probative of a right to judgment, the non-moving party must demonstrate a genuine issue of material fact for trial. If there is no counter-showing, the trial court has no alternative but to conclude that no facts remain to be determined and that, therefore, as a matter of law summary judgment is proper. *Meyer v. Schwartz*, 638 P.2d 821 (Colo.App.1981).

Here, Schmidt and Shireman included affidavits with their motions and alleged that they had performed work and provided material on property owned by Firestone and that Firestone refused or failed to make payments. Furthermore, each of them specifically requested a money judgment as well as a lien. This was a sufficient showing of their right to judgment, and the trial court was correct in treating Firestone's failure to respond as a confession of the motions. *See Ceconi v. Geosurveys, Inc.*, 682 P.2d 68 (Colo.App.1984).

Firestone next contends the trial court erred in awarding attorneys fees based on § 13–17–101, et seq., C.R.S. (1985 Cum. Supp.). We agree.

Attorneys fees must be awarded when the bringing or defense of action or part thereof is determined to have been substantially frivolous, substantially groundless, or substantially vexatious. Section 13–17–101, et seq., C.R.S. (1985 Cum.Supp.).

Here, the attorneys for Firestone had a duty to investigate the validity of the liens. Under the Code of Professional Re-

sponsibility Canon 7, all lawyers are under a duty to represent clients zealously within the bounds of the law. Counsel should not be discouraged from the zealous representation of clients. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). Under these circumstances we agree with Firestone that the defense was not frivolous or groundless.

The judgment is reversed as to the award of attorneys fees and is affirmed in all other respects.

PIERCE and TURSI, JJ., concur.