**NORWEST LEASING, INC.,**
**Plaintiff–Appellee and**
**Cross–Appellant,**

v.

**Alan CHARNES, Executive Director, Department of Revenue, State of Colorado, Defendant–Appellant and Cross–Appellee.**

No. 87CA0530.

Colorado Court of Appeals,
Div. IV.

Sept. 29, 1988.

Rehearing Denied Oct. 20, 1988.

Certiorari Granted (Charnes)
Jan. 17, 1989.

Faegre & Benson, John D. Shively, Mary C. Kloepfer, Denver, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant and cross-appellee.

NEY, Judge.

Defendant, Executive Director, Department of Revenue, appeals the summary judgment entered in favor of plaintiff, Norwest Leasing, Inc. We affirm.

The record reveals that plaintiff purchased equipment to lease to F.H. Markets during May, June, and July of 1984. Plaintiff mailed F.H. Markets an equipment lease on August 2, 1984, after the last delivery of equipment, and F.H. Markets executed the lease and a "Delivery and Acceptance Certificate" on August 14, 1984. On August 16, 1984, plaintiff filed with the Jefferson County Clerk and Recorder a financing statement which referred to the lease, and contained a legal description of the property, plus a schedule of the leased equipment showing its location. In November 1984, the Department of Revenue seized plaintiff's equipment to satisfy a tax lien against F.H. Markets, and in December it issued an order of its intention to sell plaintiff's property. Plaintiff then initiated this action to enjoin the Department of Revenue from selling the leased equipment.

The trial court, in granting plaintiff's motion for summary judgment, concluded that plaintiff's filing of the financing statement, legal description of the property, and schedule of equipment substantially complied with and was sufficient to carry out and satisfy the intent of § 39–26–117(1)(b), C.R.S. (1982 Repl.Vol. 16B). The trial court denied plaintiff's request for attorney fees.

The defendant contends on appeal that because plaintiff did not file the actual lease, the trial court erred in concluding that plaintiff had substantially complied with § 39–26–117(1)(b). We disagree.

Section 39–26–117(1)(b) provides an exemption from a tax lien for an owner of business equipment leased to a retailer:

"if such property can reasonably be identified from the lease description and if the lessee is given no right to become the owner of the property leased. This exemption shall be effective from the date of the execution of the lease if the lease is recorded with the county clerk and recorder of the county where the property is located or based or a memorandum of the lease is filed with the department of revenue on such forms as may be prescribed by said department within ten days after the execution of the lease...."

Here, although the actual lease was not filed, the lease was referred to in plaintiff's filings. Furthermore, plaintiff's filings accurately identified the leased equipment and its location. Under these circumstances, we agree with the trial court that plaintiff substantially complied with and satisfied the intent of § 39–26–117(1)(b). *See Public Service Co. v. Boatwright,* 749 P.2d 456 (Colo.App.1987).

Plaintiff cross-appeals contending that the trial court erred in denying its request for costs and attorney fees and

requesting its fees on appeal. We disagree.

Here, the defense of plaintiff's action was not substantially frivolous, groundless, or vexatious. *See Buttermore v. Firestone Tire & Rubber Co.*, 721 P.2d 701 (Colo.App.1986). Nor was defendant's appeal frivolous. *See Rocky Mountain Sales & Service, Inc. v. Havana RV, Inc.*, 635 P.2d 935 (Colo.App.1981).

JUDGMENT AFFIRMED.

BABCOCK and HUME, JJ., concur.