No. 17,871.

HENRY DARIEN, ET AL. *v.* JOHN HUDSON, ET AL.

(302 P. [2d] 519)

Decided September 17, 1956.   Rehearing denied November 5, 1956.

Mr. HARRY F. CLAUSSEN, for plaintiffs in error.

Mr. FRANK DELANEY, Mr. C. V. MARMADUKE, Mr. NEIL S. MINCER, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THIS case concerns the question of priority of liens. The facts are undisputed and covered by stipulation of record. The pertinent substance of the stipulation is to the effect that one Regner and wife were interested in purchasing a residence property in Carbondale, Colorado, which consisted of five lots and a two-story brick dwelling that had been damaged by fire. The purchase price was $4,000 and the Regners arranged to borrow $7,000 from plaintiffs in error and use $3,000 to recondition the house.

On July 10, 1954, the Regners executed their note for $7,000 and secured same with a deed of trust, duly recorded, on the property, which was conveyed to them simultaneously with the transaction. They also on that date executed an agreement with plaintiffs in error, the Dariens, which is as follows:

## "AGREEMENT

July 10, 1954

"WHEREAS, Deed of Trust dated July 10, 1954, was made and executed by Martin J. Regner and Doris A. Regner to secure the payment of promissory note in the principal sum of $7,000.00, dated July 10, 1954, and payable to the order of Henry Darien and James Darien; said monies to be used in the improvement of the property covered by said Deed of Trust.

"It is understood and agreed that the principal of the note shows the sum of $7,000.00 and that at the date thereof advances were made on the $7,000.00 amount in the sum of $4,000.00 and that additional advances, to the extent to said note, shall be made from time to time as bills become due and payable on account of the improvement of said property. Interest to be paid on all actual balances from the date of said note.

"/s/ James Darien
"/s/ Martin J. Regner."

The record discloses that shortly thereafter different workmen and materialmen began the repair of the

dwelling house and the furnishing of material therefor. It also is disclosed by the record that the $3,000 was advanced to the Regners by plaintiffs in error, the Dariens, in instalments as the work progressed. However, the Regners paid the $4,000 to complete the purchase price, but did not apply the $3,000 advancements toward the payment of the bills for labor and material. Within the time provided by statute, and according to the statute, mechanic's liens were filed by materialmen and laborers, and ultimately suit was filed to foreclose these liens resulting in a judgment in favor of the lien claimants, and to make the judgment effective it was ordered that the premises, as a unit, be sold to satisfy the various claims and interests and attorneys' fees. Motion for new trial was overruled by the court and a writ of error obtained by the Dariens as plaintiffs in error on the sole ground that the deed of trust executed to them prior to the commencement of any work by lien claimants, constituted a first and prior lien on the property.

A casual reference to the agreement hereinabove set out, entered into contemporaneously with the deed of trust, relied upon by plaintiffs in error, should reveal that $3,000 of the face of the note and deed of trust was to be applied toward the improvement of the property, and when this was not done by the borrower and the improvements and material were furnished at their instance and request, it would be unjust to hold, when the work and the material were furnished to meet this part of the consideration, that the materialmen and laborers be relegated to the position of holding subordinate claims.

Under our general mechanic's lien statute, C.R.S. '53, 86-3-1, 86-3-3 and 86-3-6, provision is made whereby a lien on the building and improvements thereon is given preference to any prior lien or encumbrance or mortgage upon the land on which the same is erected. These liens are, of course, junior and subordinate to the

existing deed of trust on the land occupied by the building and as much more as is necessary for practical use of the building.

To hold otherwise would have the effect of a carte blanche arrangement by owners of mortgaged, improved property to make improvements on the buildings or structures thereon at the inconvenience and expense of materialmen and laborers. Mechanic's lien laws are designed for the benefit and protection of mechanics and others and should be construed in favor of lien claimants.

The trial court was right in its conclusions of law that under the agreement improvements were required for which the mechanic's lien claimants made claim, and that the value of the property securing the loan was enhanced by the work and materials furnished by claimants and they are entitled to a prior lien on the building, and that the lots upon which the improvements are situated be sold to satisfy the several judgments entered in favor of the lien claimants. The judgment is affirmed.