No. 21572.

3190 CORPORATION *v.* EARL C. GOULD AND JOSEPH W. VITTUM.
(431 P.2d 466)

Decided August 28, 1967.    Opinion modified and as modified adhered to and rehearing denied September 18, 1967.

FUGATE, MITCHEM & HOFFMAN, WILLIAM E. KEN-
WORTHY, for plaintiff in error.

STANLEY PRISNER, MICHAEL T. VAGGALIS, E. MICHAEL
CANGES, for defendants in error.

*In Department.*

Opinion by WILLIAM L. GOBIN.*

IN the trial court, defendants in error, Gould and Vittum, brought this action against one Harper M. Orahood, trustee-owner of an apartment building and parking area to foreclose the mechanics' lien claimed by them. The trustee-owner did not defend. Plaintiff in error, 3190 Corporation, intervened claiming a prior lien based on foreclosure of a deed of trust. We refer to the parties as plaintiffs and intervenor, as they appeared in the trial court. With one exception the facts are not in dispute.

On May 13, 1960 Mark Ramsey, then owner of the real property which was already encumbered by one loan not involved in this action, obtained a loan secured by an unrecorded deed of trust for $23,200 from Summit Investment Co. (This instrument was later recorded on June 24, 1961.)

In July 1960 Ramsey commenced building a 43-unit apartment on the land, serving as his own contractor in the construction. On November 9, 1960, while construction was still in progress, he obtained a $25,000 loan secured by a deed of trust, recorded November 15, 1960 from Denver Industrial Company to pay debts not connected with this property.

The Denver Building Inspection Department gave a certificate of occupancy on January 13, 1961 showing that the building then complied with the building codes of the city. Witnesses for the intervenor testified that they were living in some apartments in the building at this time and did not see any construction in progress. Plaintiffs' witnesses testified the building was not complete at that time, that portions were not painted, storage bins had to be constructed, parking areas had

---

*District Judge sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

to be completed, and other things were required to be done to complete the structure and project. Ramsey's capital was exhausted and he used rental income as he received it to work on the uncompleted items.

Ramsey's financial condition became more precarious and Denver Industrial Company started proceedings to foreclose its deed of trust. Several creditors, including plaintiffs, hoping to complete the construction and salvage the amounts owed them, persuaded Ramsey to convey the property to Harper M. Orahood, trustee. Among creditors who did not go along with this plan were a Mr. Stoddard and a Mr. Marx, officers of Summit Investment Company, who are also the organizers and principal officers of intervenor.

By agreement with Orahood, plaintiffs furnished and purchased material and provided labor to finish parts of the building and grounds which were necessary to make the apartment project complete. For this material and labor plaintiffs filed their mechanics' lien claim and have brought this action.

Earl C. Gould, and one Donald McDonald, as trustees, became assignees of the Denver Industrial Company and as such became entitled to the benefits of the foreclosure of the deed of trust dated November 9, 1960. The Summit Investment Co. assigned its interest in the deed of trust for their benefit to intervenor, which then redeemed the property from the foreclosure and contested plaintiffs' right to their mechanics' lien.

The only disputed evidence is on the question of whether there was cessation of labor for 30 days or more at any time between July, 1960, and July, 1961, when the construction was completed. This contested matter goes to the very heart of the litigation and presents the main problem involved herein because only if there was continuity without the allowable 30 day interruption would plaintiffs be able to relate their claim back to the beginning of the construction and thus assert the priority of their mechanics' lien. The court found from the con-

flicting evidence on this issue in favor of the plaintiffs and concluded that the lien did revert back to the commencement of the structure. On this and three other rulings of the court intervenor seeks the reversal of the judgment entered in favor of the plaintiffs.

█ Intervenor first contends the court erred in holding that plaintiffs come within the class of persons who may claim a mechanics' lien because, they assert, it was not contemplated that they would do any of the work personally. Intervenor's theory is that plaintiffs merely advanced credit to Orahood to enable him to obtain labor and material and relies upon *Kern v. Guiry Bros. Co.,* 60 Colo. 286, 153 P. 87. Our answer to this point of argument is that C.R.S. 1963, 86-3-1, provides in pertinent part:

"Mechanics, materialmen, contractors, subcontractors, builders, and all persons of every class performing labor upon or furnishing materials to be used in the construction, alteration, addition to, or repair, * * * of any building, * * * shall have a lien upon the property upon which they have rendered service or bestowed labor * * * for the value of such services rendered or labor done or material furnished, whether at the instance of the owner, or of any other person acting by his authority or under him, * * *."

Plaintiffs in this case were contractors actually in the business of construction such as performed here and purchased the material and contracted and paid for the labor done. We hold they come within the class of persons as defined in the statute, *supra,* and may claim a mechanics' lien.

█ Intervenor's second contention is that the court erred in ruling that a principal contractor can relate back his priority to the date when work was commenced by the owner of the property.

C.R.S. 1963, 86-3-6, states in part:

"All liens established by virtue of this article shall relate back to the time of the commencement of work

under the contract between the owner and the first contractor, or, *if said contract be not in writing, then such liens shall relate back to and take effect as of the time of the commencement of the work upon the structure or improvement,* and shall have priority over any and every lien or encumbrance subsequently intervening, or which may have been created prior thereto, but which was not then recorded, and of which, the lienor, under this article, did not have actual notice. * * *" (Emphasis added.)

Intervenor's claim is based on a deed of trust recorded November 15, 1960. Construction began in July, 1960, and plaintiff's services were performed from April 6, 1961 to the following June. The trial court found on conflicting evidence that from the time construction started until plaintiffs had completed their tasks, work was continually in progress. The court's determination that plaintiffs are entitled to relate back their lien claim to July, 1960, is supported by substantial and competent evidence, and we will not disturb such findings on review.

Intervenor's third contention is that it was error to rule that a principal contractor can relate back his priority to a date prior to the time the owner with whom he was dealing acquires his interest in the property. It is argued that Orahood, as trustee, acquired title to the subject property on March 22, 1961 and subsequent thereto made arrangements with plaintiffs, who became principal contractors, and that since there was a complete change of ownership, there can be no relation back.

Orahood was admittedly trustee-owner for creditors of the owner and grantor. His transactions were an attempt to complete the structure with the hope of salvaging the rights of various persons whom he represented as trustee.

The purpose behind the enactment of me-

chanics' lien statutes is set forth in 36 Am. Jur., 20, section 4, as follows:

"The purpose of mechanic's lien statutes is to permit a lien upon premises where benefit has been received by the owner and where the value or condition of the property has been increased or improved by reason of the furnishing of labor and materials. The principle upon which the mechanic's lien rests is that of unjust enrichment. * * *".

■ In *Darien v. Hudson*, 134 Colo. 213, 302 P.2d 519, the court said:

"* * * Mechanic's lien laws are designed for the benefit and protection of mechanics and others and should be construed in favor of lien claimants."

■ We hold that the trial court correctly ruled on this point of error. See *Sontag v. Abbott*, 140 Colo. 351, 344 P.2d 961.

■ Finally, intervenor alleges that the work was sporadic and that the court erred in law in ruling that such work was sufficient to keep the project alive so that subsequent contracts under different contractors can relate their priority back to the original commencement of the work by the first contractor. The mere fact that the work was sporadic is not controlling. The fact that the statute permits a 30 day cessation of the work contemplates that the work might be in a sense sporadic and uninterrupted continuity is not required.

■ On the question of whether the cessation of the work was for a period longer than the 30 days, the evidence was conflicting, and the court found that there was no cessation of the labor for 30 days. This finding too was supported by the record.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.