**RAGSDALE BROS. ROOFING, INC.,**
Corneau-Finley Masonry,
Plaintiffs-Appellees,

v.

**UNITED BANK OF DENVER, N.A.,**
Defendant-Appellant.

No. 84CA0544.

Colorado Court of Appeals,
Div. I.

March 26, 1987.

Rehearing Denied April 30, 1987.

Certiorari Denied (United Bank)
Oct. 5, 1987.

Donald C. Hanneman, Denver, for plaintiff-appellee Ragsdale Bros. Roofing, Inc.

Myers, Woodford & Hoppin, P.C., Charles T. Hoppin, Denver, for plaintiff-appellee Corneau-Finley.

Holme Roberts & Owen, Clifford P. Jones, Lawrence L. Levin, Englewood, for defendant-appellant.

TURSI, Judge.

The defendant, United Bank of Denver (United Bank), appeals the judgment in which the trial court found the plaintiffs, Ragsdale Bros. Roofing, Inc., (Ragsdale) and Corneau-Finley Masonry (Corneau-Finley), had mechanics' liens that were superior to the public trustee's deed it had obtained by foreclosure of its deed of trust. United Bank asserts the trial court erred (1) by ignoring the express provisions of

§ 38–39–110, C.R.S. (1986 Cum.Supp.); (2) by granting Corneau-Finley full value of its lien claim even though that claimant had executed a partial waiver of lien; (3) by ruling its decree did not affect the superior interests of First National Bank & Trust Company of Oklahoma City (First National Bank); and (4) by including in Corneau-Finley's lien the value of the fireplace doors that were custom-made for the property but never delivered. We modify the judgment and affirm as modified.

First Colorado Construction Company (Owner) owned the subject property, a residential lot which was burdened by a deed of trust for the benefit of First National Bank. Owner executed and delivered a promissory note secured by a second deed of trust on the property to United Bank. That deed of trust specified it was for vacant land and was recorded in April 1979. It was acquired to secure an overdraft by Owner at United Bank and not acquired to obtain funds to build on the lot.

A few months later Ragsdale performed roofing work for Owner on a totally new structure being built on the lot. It received no payment and recorded a mechanic's lien on April 23, 1980. Corneau-Finley performed masonry work on the structure for Owner. It received partial payments and signed two waivers of lien and submitted additional lien waivers from its suppliers. Its mechanic's lien against the property was recorded on April 16, 1980.

Owner defaulted on the promissory note and United Bank began foreclosure proceedings on its second deed of trust on April 10, 1980, by filing a notice of election and demand with the Public Trustee. Neither Ragsdale nor Corneau-Finley received written notice prior to the foreclosure sale. See § 38–37–113(3), C.R.S. (1982 Repl.Vol. 16A). United Bank purchased the property at the public trustee's sale held May 28, 1980. United Bank was issued a public trustee's deed on October 10, 1980.

Ragsdale filed an action to foreclose its mechanics' lien and recorded a lis pendens on June 30, 1980. United Bank and others thought to have interests in the property were made defendants in the action.

Thereafter, Corneau-Finley timely filed an action to foreclose its lien. The trial court consolidated the actions and trial was to the court. First National Bank answered the complaint but was neither notified nor present at the trial.

Ragsdale and Corneau-Finley asserted, pursuant to § 38–22–103(2), C.R.S. (1982 Repl.Vol. 16A), that their mechanics' liens had preference to any right, title, or lien the defendants held on the lot. United Bank contended, pursuant to § 38–39–110, it took title under the public trustee's deed free and clear of all liens which were recorded after the recording of their second deed of trust.

The trial court ruled § 38–39–110 did not cut off the liens of Ragsdale and Corneau-Finley on the building. Therefore, it held their liens on the structure, but not the land, were superior to United Bank's title and they were entitled to judgment in the amounts of their respective liens plus interest.

## I

United Bank asserts the trial court's decision violates the express provisions of § 38–39–110. We disagree.

Section 38–39–110 provides that upon issuance and delivery of the public trustee's deed, "title shall vest in the grantee and such title shall be free and clear of all liens and encumbrances recorded or filed subsequent to the recording or filing of the lien on which the sale was based." United Bank contends that "liens or encumbrances recorded or filed subsequent" should be read literally to mean any interest recorded later in time. Therefore, it contends it took title under the public trustee's deed free and clear of plaintiffs' mechanics' liens since plaintiff's did not enjoin the foreclosure sale or redeem the property being foreclosed.

However, § 38–22–103(2) provides that when a mechanic's lien is for work done or material furnished for any entire structure, such lien shall attach to such structure in preference to any prior lien or mortgage on the land upon which the building is erected.

United Bank does not dispute that the liens of Ragsdale and Corneau-Finley had preference over its second deed of trust.

■ Thus, the issue presented to this court is how to resolve the apparent conflict between §§ 38–39–110 and 38–22–103(2). When apparent conflict exists between two statutory sections, a court must attempt to harmonize the statutes in order to give effect to their purposes. *Ortega v. Industrial Commission*, 682 P.2d 511 (Colo.App.1984).

■ Mechanics' lien laws are designed for the benefit and protection of the mechanics and materialmen and should be construed in favor of lien claimants. *3190 Corp. v. Gould*, 163 Colo. 356, 431 P.2d 466 (1967); *Darien v. Hudson*, 134 Colo. 213, 302 P.2d 519 (1956). Generally, a properly perfected mechanic's lien becomes a prior lien upon a new structure, while an existing deed of trust remains a prior lien upon the land. *Darien v. Hudson, supra; Atkinson v. Colorado Title & Trust Co.*, 59 Colo. 528, 151 P. 457 (1915). United Bank does not claim its deed of trust was given for a loan to be used for construction of the building. Hence, the exception to the general rule for construction loan deeds of trust does not apply here. *See Darien v. Hudson, supra; Joralmon v. McPhee*, 31 Colo. 26, 71 P. 419 (1903).

■ The purpose of § 38–39–110, as well as all laws concerning title to real property and related interests, is to render such titles absolute and free of technical defects so that subsequent purchasers, such as the purchaser of a public trustee's deed, may rely on the record title. Section 38–34–101, C.R.S. (1982 Repl.Vol. 16A). However, a purchaser is bound by the record. If it indicates the existence of some outside interest by which the title may be affected, a purchaser is bound to investigate and is charged with knowledge of the facts to which the investigation would have led. *Delta County Land & Cattle Co. v. Talcott*, 17 Colo.App. 316, 68 P. 985 (1902). Here, United Bank, the purchaser, not only knew of the liens prior to the purchase of the public trustee's certificate of sale, but also had notice of the lis pendens prior to receipt of the public trustee's deed.

Generally, priorities under the recording statute are established based on the order in which they are recorded. Section 38–35–109, C.R.S. (1986 Cum.Supp.); *Bray v. Trower*, 87 Colo. 240, 286 P. 275 (1930). The instrument recorded first has preference or is the senior lien. *Bray v. Trower, supra; Houlahan v. Finance Consolidated Mining Co.*, 34 Colo. 365, 82 P. 484 (1905). However, mechanics' liens are the exception to this rule since they are granted priority over the previously recorded interests in specific circumstances. Section 38–22–103(2).

■ In light of the purposes underlying both §§ 38–22–103(2) and 38–39–110, we interpret the language "liens or encumbrances recorded or filed subsequent" in § 38–39–110 to mean liens or encumbrances junior in fact to the lien on which the sale is based. This interpretation upholds the underlying purpose of the mechanics' lien statutes by protecting the priority granted by the General Assembly. It is consistent with the purpose of the public trustee's deed statute and all other statutes concerning title to real property since it still maintains the integrity of the recording system. A search of the chain of title here would have disclosed the existence of the senior mechanics' liens. A purchaser is placed on inquiry notice and is bound by the record. *See Page v. Fees-Krey, Inc.*, 617 P.2d 1188 (Colo.1980).

■ Section 38–39–110 does not specifically refer to or purport to govern priorities established by mechanics' lien statutes. When a lien is filed later in time than a deed of trust, yet is superior to the deed of trust, the title acquired pursuant to the public trustee's sale and deed is subject to the superior lien. *See Peoples Bank & Trust Co. v. Rocky Mountain District Council*, 620 P.2d 58 (Colo.App.1980) (dealing with priority of liens established by subordination agreements). Furthermore, United Bank's notice of election and demand, the notice of public trustee sale, and the public trustee's deed all refer to the property as "vacant land."

The trial court did not err in ruling that United Bank's title pursuant to the public trustee's deed was subject to Corneau-Finley's and Ragsdale's superior mechanics' liens on the building.

United Bank, citing *Boulder Lumber Co. v. Alpine of Nederland, Inc.*, 626 P.2d 724 (Colo.App.1981), contends that when there is a question regarding the right of priority of a mechanic's lien because of an impending public trustee sale, the lienor must obtain a preliminary injunction, otherwise issuance of a public trustee's deed terminates any previously admitted priority of the mechanic's lien. We disagree.

C.R.C.P. 120 provides the procedure to obtain a court order authorizing a public trustee's sale. The scope of inquiry is limited to the existence of a default or other circumstances authorizing the sale. C.R.C.P. 120(d). Therefore, action collateral to the C.R.C.P. 120 hearing is necessary to resolve all other issues. *Bakers Park Mining & Milling Co. v. District Court*, 662 P.2d 483 (Colo.1983); *Boulder Lumber Co. v. Alpine of Nederland, Inc., supra.*

 However, an injunctive action is *not* the exclusive action that may be taken. C.R.C.P. 120(d) provides the granting of an order "shall be without prejudice to the right of any person aggrieved to seek injunctive *or other relief in any court of competent jurisdiction....*" (emphasis added) Therefore, Ragsdale's and Corneau-Finley's actions to foreclose their liens and filings of lis pendens were proper collateral actions to resolve the priority issue.

## II

United Bank asserts the trial court erred by granting Corneau-Finley the full value of its lien claim. It contends that by the express terms of the partial waiver of lien Corneau-Finley signed on January 4, 1980, it waived any lien it had on the subject property on account of labor or materials furnished to that date. We disagree.

The form waiver was captioned "Partial Waiver" and states in part that Corneau-Finley:

"in consideration of ONE THOUSAND & 00/00 DOLLARS ... does hereby waive and release any and all lien or claim or right of lien on the above described premises and improvements thereon ... relating to mechanics' liens, ... on account of labor or materials, or both, or may be furnished to this date by the undersigned to or on account of said individual or firm therein named for said premises or improvements."

It also reads: "All waivers must be for the full amount paid." United Bank claims this language is a clear and unambiguous waiver of any claim or right of lien which Corneau-Finley might have had on account of labor or materials furnished up to January 4, 1980.

Whether a written contract is ambiguous is a question of law; therefore, this court may review the terms of the waiver to determine whether it is ambiguous. *KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985); *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981). In making this determination, we may consider extrinsic evidence bearing upon the meaning of the written terms, such as evidence of local usage, the circumstances surrounding the making of the contract, and the construction given to it by the parties. *KN Energy, Inc. v. Great Western Sugar Co., supra.*

Mr. Finley, partner of Corneau-Finley, testified regarding the circumstances surrounding the signing of the waiver. According to his unrebutted testimony, he was required to sign a partial waiver each time he received a partial payment from Owner and the amount of the payment he received was to reflect the dollar amount waived. We find these circumstances and language made the waiver ambiguous as to whether it was a waiver of lien rights to date or merely a waiver for the amount paid.

 If the terms of the contract and evidence of the alleged waiver of a mechanic's lien are ambiguous, doubt must be resolved against the waiver. *Bishop v. Moore*, 137 Colo. 263, 323 P.2d 897 (1958).

In the absence of language clearly indicating an intention to waive a lien, it will not be supposed that the laborer or materialman intended to relinquish absolutely his statutory right to claim one beyond the amount of consideration received. *Bishop v. Moore, supra.* The trial court's ruling that Corneau-Finley did not waive its right of lien on the part of its claim which remained unpaid is supported by competent evidence. Thus, we conclude that the trial court did not commit error in fact or law.

## III

United Bank asserts the trial court erred in ruling its decree would not affect the prior and superior interests of First National Bank which holds the first deed of trust on the property. It contends the Ragsdale and Corneau-Finley mechanics' liens should have preference to First National's interests pursuant to § 38–22–103(2). However, whichever way the issue is resolved has no affect on the junior interest of United Bank.

 Appeals are not allowed to present purely legal questions but to correct errors injuriously affecting the rights of a party. Only parties denied some claim or burdened with some obligation may appeal. *Miller v. Reeder,* 157 Colo. 134, 401 P.2d 604 (1965). Hence, since United Bank is not aggrieved by this portion of the court's ruling, it may not appeal it.

## IV

Finally, United Bank asserts the trial court erred by including in the mechanic's lien the value of fireplace glass doors and screens which Corneau-Finley had custom-made for the property but never delivered. We disagree.

Section 38–22–101(1), C.R.S. (1982 Repl. Vol. 16A) provides that mechanics' liens can be obtained by persons furnishing materials to be used in construction of the building. Generally, this section should be construed in a liberal and comprehensive manner in favor of lien claimants. *Chambers v. Nation,* 178 Colo. 124, 497 P.2d 5 (1972).

Corneau-Finley ordered, and paid for, glass doors and screens that were custom-made to the specifications of Owner. Between the time they were ordered and the time they were completed, Owner defaulted on the contract with Corneau-Finley. Consequently, Corneau-Finley did not tender or deliver the fireplace doors to the jobsite. The trial court included the value of the fireplace doors and screens in Corneau-Finley's lien because Corneau-Finley was prevented from delivering the materials by Owner and, therefore, should not have to suffer that loss.

 We agree with the trial court and find that Corneau-Finley furnished the fireplace glass doors and screens within the meaning of the statute since they were custom-made for the structure and, therefore, not of general value to Corneau-Finley. It is not necessary for a lien claimant to show the materials furnished were actually used in the structure against which the lien is sought. *Kobayashi v. Meehleis Steel Co.,* 28 Colo.App. 327, 472 P.2d 724 (1970).

However, we are aware the purpose of the mechanics' lien statute is to permit a lien upon premises only to the extent that the benefit has been received by the owner. *Kobayashi v. Meehleis Steel Co., supra.* Therefore, we modify the trial court's judgment by adding the requirement that Corneau-Finley must deliver the fireplace doors and screens to United Bank.

The judgment of the trial court is modified to require Corneau-Finley to deliver the fireplace glass doors and screens to United Bank. As so modified, the judgment is affirmed.

PIERCE and CRISWELL, JJ., concur.