**GENERAL GROWTH DEVELOPMENT CORPORATION, Plaintiff,**

v.

**A & P STEEL, INC., Defendant and Third–Party Plaintiff,**

v.

**GENERAL GROWTH PROPERTIES, et al., Third–Party Defendants.**

**Civ. A. No. 81–K–1366.**

United States District Court, D. Colorado.

Feb. 2, 1988.

Robert S. Slosky, Frederick J. Baumann, Arnold C. MacDonald, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for General Growth Development Corp.

Thomas G. Pearce, President A & P Steel, Inc., Colorado Springs, Colo., pro se and for A & P Steel.

R. Scott Schofield, Colorado Springs, Colo., pro se and Trustee of the estate of A & P Steel, Inc.

## ORDER ON A & P STEEL, INC.'S COMBINED MOTION UNDER FED.R.CIV.P. 52 AND 59

KANE, District Judge.

A & P Steel filed this timely motion to modify my April 25, 1987 order and opinion in this action. A & P was steel subcontractor of Chapel Hills Mall in Colorado Springs under general contractor General Growth Development Corporation. A & P and General Growth both claimed breach of contract. In addition, A & P raised claims of fraud, duress, misrepresentation, tortious interference and defamation, and sought enforcement of a mechanic's lien, against General Growth and the third-party defendants.

After an eight day trial to the court, I entered my findings of fact and conclusions of law. Judgment was in favor of A & P on its breach of contract counterclaims against General Growth and Chapel Hills Associates and on its counterclaim for enforcement of a mechanic's lien against Trinity Development, Inc. Judgment was for the third-party defendants on all other claims.

A & P now moves to amend the judgment, and to amend or make additional findings, with respect to its mechanic's lien; and to reconsider certain dismissed counterclaims and amend the judgment or order a new trial on those claims. This motion is denied in part and granted in part, as set forth below.

### MECHANIC'S LIEN

In my April 25 order, I found A & P had a valid and enforceable mechanic's lien in the amount of $209,193.52. A & P re-

quests additional findings to facilitate enforcement of its lien.

■ *Priority.* A & P seeks a declaration of its priority as to the lien. Under C.R.S. § 38–22–106(1), an established mechanic's lien "shall relate back to the time of the commencement of the work." 'Commencement of the work' is to be broadly construed in determining priority, in accordance with the principal that mechanic's lien laws should be interpreted to favor lien claimants. *3190 Corp. v. Gould,* 163 Colo. 356, 431 P.2d 466 (1967).

Work has been held to commence upon furnishing of materials as well as labor. *International Trust Co. v. Clark Co.,* 66 Colo. 210, 180 P. 300 (1919). Commencement of work need not coincide with execution of a written contract for purposes of establishing lien priority. *Banker's Trust Co. v. El Paso Pre-Cast Co.,* 192 Colo. 468, 560 P.2d 457 (1977) (en banc). In *Sontag v. Abbott,* 140 Colo. 351, 344 P.2d 961 (1959), delivery of building materials upon oral request was sufficient 'commencement of work.'

Performance began on March 3, 1981 when General Growth informed A & P it had been awarded the contract. In reliance on this information, A & P financed the purchase of steel, began fabrication of steel, and prepared shop drawings. This date establishes the priority of A & P's mechanic's lien to the deed of trust recorded October 15, 1981 by Chapel Hills Associates and now held by Chase Manhatten Bank.[1]

■ *Waiver.* General Growth does not challenge the priority of A & P's lien based on the date of commencement of work. Rather, it argues A & P waived its right to enforce this lien against Chase Manhatten by the following provision of the subcontract:

It is agreed by the parties that all rights under this Contract are subordinate and subject to the rights of any first mortgagee furnishing financing of this project, whether the mortgage is recorded as of the date of this contract or subsequent hereto.

Plaintiff's Exhibit 2, § 27.

General Growth asserts Chase Manhatten's claim is superior to A & P's lien as Chase's claim derives from the interest of Chapel Hills Associates, which provided first mortgage financing. I do not find this persuasive. C.R.S. § 38–22–119 provides:

No agreement to waive, abandon or refrain from enforcing any lien provided for by this article shall be binding except as between the parties to such contract. The provisions of this article shall receive a liberal construction in all cases.

Chase is not a party to the subcontract and cannot bind A & P thereto. Even if it could, I do not find the clause constitutes a valid waiver under the statute. The Colorado courts allow waiver only by express agreement of the party in whose favor the lien exists, by "language clearly indicating an intention to waive a lien." *Bishop v. Moore,* 137 Colo. 263, 323 P.2d 897, 898 (1958). The general subordination of "all rights under this contract" does not amount to an express waiver of rights to a mechanic's lien. *See Ragsdale Bros. Roofing v. United Bank,* 744 P.2d 750 (Colo. App.1987). *Cf. Mountain Stone Co. v. H.W. Hammond Co.,* 39 Colo.App. 58, 564 P.2d 958 (1977).

In accordance with the policy of recognizing mechanic's liens, any ambiguity in the language of the waiver provision must be resolved against the waiver. *Bishop,* 323 P.2d at 898. The subcontract clause is ambiguous. It does not articulate "rights under this contract" so as to include a mechanic's lien, which is created by statute and exists independent of contractual agreement. Nor does it extend the agreement to a successor of the first financer.

A mechanic's lien is based upon equitable considerations of natural justice. *Wasson*

---

**1.** A & P claims the lien relates back to July 14, 1980 when drawings were first submitted by an architectural firm. An architect's lien may relate back to the initial submission of drawings.

*E.g., Park Lane v. Fisher,* 89 Colo. 591, 5 P.2d 577 (1931). However, priority of A & P's lien is determined by the commencement of A & P's work.

*v. Hogenson,* 196 Colo. 183, 583 P.2d 914, 917 (1978). I note the inequity of interpreting the general subordination clause of the subcontract between A & P and General Growth as a waiver of A & P's right to a mechanic's lien. Judgment was entered against General Growth and Chapel Hills Associates on A & P's breach of contract counterclaim over nine months ago, but A & P has yet to recover the reasonable value of its work performed under the contract. The mechanic's lien statutes were specifically created to protect against such unjust enrichment. *3190 Corp.,* 431 P.2d at 469.

A & P has a valid, enforceable mechanic's lien prior and superior to the deed of trust recorded by Chapel Hills Associates and held by Chase Manhatten Bank. Prejudgment interest is awarded on the $209,193.52 lien at the rate of 12% per annum, as provided for by C.R.S. § 38–22–101(5).

## JUDGMENT AGAINST GENERAL GROWTH

■ A & P moves for entry of judgment against General Growth for the $209,193.52 awarded on the mechanic's lien. Under C.R.S. § 38–22–113, a party who establishes a mechanic's lien claim "shall have judgment against the party personally liable to him for the full amount of his claim ..." A & P contends General Growth is personally liable to it for the lien.

Under my prior order, judgment was entered against General Growth Development Corp. in the amount of $24,506.91. I do not find § 38–22–113 justifies extending General Growth's liability to the extent of the lien. I found Chapel Hills Associates liable for $209,193.52, the reasonable value of A & P's work. § 38–22–113 mandates entry of judgment against Chapel Hill Associates as the party personally liable to A & P Steel for the full amount of A & P's mechanic's lien claim.

## ALL OTHER CLAIMS

A & P requests reconsideration or a new trial on its claims of fraud, tortious interference, and drop weights, which were decided in favor of third party defendants in my prior order. A & P cites no new evidence or case law in support of its original contentions, which were exhaustively briefed and presented to the court in an eight day trial.

The motion and supporting brief cite the same cases I relied on in the original order. A & P requests reconsideration solely because it maintains it established these claims in the original action. I disagree. As no specific error is asserted, I have no basis on which to reconsider these claims. These motions are denied along with the related claims for additional damages.

Accordingly, it is ORDERED:

1. The motion to amend the judgment regarding A & P Steel's mechanic's lien is GRANTED. The lien relates back to March 3, 1981 and is prior and superior to the deed of trust held by Chase Manhatten. Any foreclosure action shall proceed in accordance with this order.

2. Judgment shall enter for defendant A & P Steel and against Chapel Hill Associates, a joint venture consisting of Homart Development Corp. and General Growth Properties, pursuant to C.R.S. § 38–22–113. Chapel Hill Associates shall be personally liable for the $209,193.52 due A & P Steel on its mechanic's lien.

4. Judgment shall enter for Defendant A & P Steel and against Trinity Development, Inc. by default on Defendant's claim for enforcement of its mechanic's lien.

5. The motions for reconsideration, for amendment of judgment and findings, or for a new trial on all other claims is DENIED. A & P's motion for amendment of judgment to include additional damages is also DENIED.

6. Judgment shall be altered from 8% to 12% per annum for prejudgment interest on the mechanic's lien.