Doyle D. UPSON, Plaintiff–Appellant,

v.

GOODLAND STATE BANK & TRUST COMPANY and Land Title Guarantee Company, Defendants–Appellees.

No. 89CA0988.

Colorado Court of Appeals, Div. I.

Aug. 16, 1990.

Machol and Machol, P.C., Jacques A. Machol, III, Denver, for plaintiff-appellant.

Faegre & Benson, Diane B. Davies and Notarianni & Notarianni, Aldo G. Notarianni, Denver, for defendants-appellees.

Opinion by Judge SMITH.

Plaintiff, Doyle D. Upson, appeals the judgment of dismissal entered in favor of the defendants, Goodland State Bank & Trust Company (Goodland Bank) and Land Title Guarantee Company. We affirm.

On June 15, 1981, George W. Green, Jr., executed a promissory note in favor of plaintiff for $105,000. The note was secured by a deed of trust that encumbered real property owned by Green (the Dawson Street property). Land Title provided plaintiff with title insurance with respect to this transaction.

On August 4, 1983, Green obtained a loan for $150,000 from North American National Bank in exchange for which he executed another deed of trust on the Dawson Street property. In connection with that transaction, Green, or some unknown person acting on his behalf, forged a request to release plaintiff's deed of trust and prepared a fraudulent promissory note marked "paid in full, Doyle Upson."

Green presented these documents to North American at the closing on his loan.

Land Title, as a courtesy to North American, sent the request for release of deed of trust, North American's deed of trust, and the fraudulent promissory note to the Public Trustee of Arapahoe County for recording. The Public Trustee released plaintiff's deed of trust on December 20, 1983, and recorded the release and North American's deed of trust.

On June 18, 1984, Green borrowed $175,000 from Goodland Bank, pledging the Dawson Street property as security. The North American deed of trust was released as part of the Green–Goodland Bank transaction.

After Green defaulted on his note to Goodland Bank, it foreclosed on the property and obtained a public trustee's deed on April 24, 1986. Goodland Bank later sold the property to a third person.

Green continued to make payments on the plaintiff's loan until March 1986. Plaintiff sought to foreclose following Green's default. The Public Trustee refused to permit the foreclosure action because plaintiff's deed of trust had been released.

Plaintiff then brought this action against Green, Goodland Bank, North American, and Land Title seeking reinstatement of his deed of trust and asking that his deed of trust have priority over any ownership or security interest of Goodland Bank. North American was dismissed at the beginning of the trial by stipulation of the parties. At the close of plaintiff's case, the trial court dismissed the action against Goodland Bank and Land Title, and plaintiff received a judgment in rem against Green.

## I.

Plaintiff contends that the trial court erred by dismissing his complaint against Goodland Bank. He argues that the forged request for release of the deed of trust rendered the release a void document. Because the release was void, he argues, Goodland Bank did not obtain clear title to the real estate, and his deed of trust should

have priority over Goodland Bank's deed of trust. We do not agree.

Section 38–37–123(1), C.R.S. (1982 Repl. Vol. 16A) states that "deeds of trust to the public trustee ... shall be released by the public trustee upon the request of the beneficiary, or assignee, of such trust deed, or the agent or attorney thereof...."

Here, the public trustee received a request for release and a promissory note marked "paid in full" both of which were purportedly signed by the beneficiary of the trust deed. In compliance with § 38–37–123, the public trustee then released the deed of trust.

■ Plaintiff argues that the forged signature constituted fraud in the factum and that, thus, the release is void. We disagree.

■ In a case involving fraud in the factum, the releasor signs what is actually a release after being led to believe it is some other type of document. See Howard v. International Trust Co., 139 Colo. 314, 338 P.2d 689 (1959); Meyers v. Johanningmeier, 735 P.2d 206 (Colo.App.1987). Because the releasor in such a case is unaware of what he or she is signing, the release is void and without effect.

In this case, however, the public trustee, in releasing the deed of trust, was aware of the character of the instrument. She signed the instrument, as required by law, with the intent that the deed would be released and knowing that her signature would have that effect.

The fraudulent representation involved here did not concern the character of the instrument, and it was thus fraud in the inducement, not fraud in the factum. See generally 66 Am.Jur.2d Release § 14 (1973). The release is therefore not void but only voidable. The trial court found, and we agree, that, although the request to release the deed of trust was forged, the public trustee's release is a genuine instrument.

The question thus becomes what is the effect of the release on Goodland Bank, a bona fide purchaser for value in good faith.

■ The general intent of Colorado's recording statutes is to allow subsequent purchasers of real property to rely on the record title. Section 38–34–101, C.R.S. (1982 Repl.Vol. 16A).

■ When the record title discloses some circumstance that would indicate an imperfection in the title, a purchaser must investigate, and such a purchaser is charged with knowledge of the facts to which the investigation would have led. See Ragsdale Brothers Roofing, Inc. v. United Bank, 744 P.2d 750 (Colo.App.1987). On the other hand, when the record does not disclose an imperfection in the title, a good faith purchaser for value is entitled to rely on the record title. See Delta County Land & Cattle Co. v. Talcott, 17 Colo.App. 316, 68 P. 985 (1902).

■ Here, there was nothing in the record title to indicate that either the request or the release were invalid. The title showed a deed of trust in favor of the plaintiff which had been released upon his request. Goodland Bank had no notice that the request for release was forged. Accordingly, it was entitled to rely on the record title, and it obtained a valid lien and, subsequent to foreclosure, clear record title to the Dawson Street property.

## II.

Plaintiff asserts that the trial court erred by dismissing his negligence claim against Land Title. He argues that Land Title, as the insurer of his 1981 deed of trust, had a duty to detect the forged request for release and that the breach of that duty caused his damages. We are not persuaded.

To recover on a negligence claim, the plaintiff must prove the existence of a legal duty, breach of that duty, causation, and damages or injury. Perreira v. State, 768 P.2d 1198 (Colo.1989).

■ The determination whether a duty exists requires consideration of several factors, including the foreseeability of harm, the social utility of the defendant's conduct, the magnitude of the burden of guarding against the injury, and the conse-

quences of placing that burden on the defendant. *See Perreira v. State, supra; University of Denver v. Whitlock,* 744 P.2d 54 (Colo.1987). Moreover, there is no duty to protect another from a third person's wrongful act, absent a special relationship between the actor and the wrongdoer or between the actor and the victim. *Leake v. Cain,* 720 P.2d 152 (Colo.1986).

Here, the plaintiff maintains that, because Land Title issued a title insurance policy in connection with his deed of trust, a special relationship existed. However, the policy specifically excludes "defects, liens, encumbrances, adverse claims, or other matters attaching or created subsequent to the date of the policy." This policy was dated August 1981; hence, it does not give rise to a special relationship sufficient to impose a duty on Land Title.

Plaintiff further asserts that the risk of a forged request for release of deed of trust was foreseeable and that Land Title therefore had a duty to protect him. However, foreseeability alone does not create a legal duty. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987).

Moreover, the plaintiff produced no evidence that the risk of forgery was foreseeable. Foreseeability is a common sense perception of the risks involved in certain situations, and it includes whatever is likely enough that a reasonably prudent person would take account of it. The Public Trustee testified that this was the first forged request for release in at least ten years; thus, it was not foreseeable. *See Perreira v. State, supra; Taco Bell, Inc. v. Lannon, supra.*

Because Land Title owed no duty to the plaintiff, the trial court did not err by dismissing the complaint against it.

The judgment is affirmed.

PIERCE and DAVIDSON, JJ., concur.