**In re Stacy R. CARPENTER and Janice R. Carpenter, Debtors.**

**Stacy R. CARPENTER and Janice R. Carpenter, Appellants,**

v.

**BERKELEY FEDERAL BANK & TRUST FSB, Appellee.**

Civil Action No. 96–K–527.
Bankruptcy No. 95–13615 RJB.

United States District Court,
D. Colorado.

Sept. 6, 1996.

---

48

Stacy R. Carpenter, Janice R. Carpenter, Grand Junction, CO, for Appellants.

David A. Shore, Hellerstein, Hellerstein and Shore, P.C., Denver, CO, for Appellee.

## MEMORANDUM DECISION
## ON APPEAL

KANE, Senior District Judge.

Stacy R. Carpenter [1] and Janice Carpenter ("Debtors") appeal from a Memorandum Opinion and Order ("Order") entered by Bankruptcy Judge Roland J. Brumbaugh on February 21, 1996. (R.Doc. 50.) The Order followed a hearing on February 14, 1996,[2] on the Debtors' Objection to the Claim of Berkeley Federal Bank & Trust FSB ("Berkeley"). (Tr., R.Vol. II.) In terms of the Order the claim of Berkeley was allowed as a secured claim in the total amount of $101,265.98 as of April 17, 1995, the date of filing, and as of that date the Debtors were $13,778.28 in arrears on their debt to Berke-

---

1. Stacy Carpenter, an attorney, has filed the appeal on behalf of Debtors.

2. The Order erroneously refers to the date of hearing as February 14, 1995.

ley. Judgment was entered in accordance with the Order on February 21, 1996. (R.Doc. 51.)

Debtors raise the following issues on appeal: (1) Whether Debtors were in default on July 17, 1994 when Notice of Pending Foreclosure was filed; (2) Whether Debtors were in default when the foreclosure was filed by Berkeley on August 30, 1994; (3) The default, if any, existing when Debtors filed a Notice of Intent to Cure on October 25, 1994; (4) Whether Debtors' overpayment to Berkeley was an advance payment on principal or an overcharge collected by Berkeley, entitling Debtors to a credit against current payments; (5) Whether Berkeley is entitled to legal fees and costs incurred in their defense of Debtors' claim that the foreclosure was improper.

### Jurisdiction.

Appellate jurisdiction over the appeal of the Order and separate Judgment of February 21, 1996 exists under Federal Rules of Bankruptcy Procedure 8001(a). Berkeley, the Appellee, asserts lack of jurisdiction over the issues (1), (2), (3) and (4) raised by Debtors. I agree, as discussed further below.

### Standard of Appellate Review.

■ In reviewing a bankruptcy court decision, one accepts the court's findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous. Fed.R.Bankr.P. 8013; *Sender v. Heggland Family Trust (In re Hedged–Investments, Assocs., Inc.)*, 48 F.3d 470, 472 (10th Cir. 1995). Conclusions of law are reviewed *de novo. Id.*

### Background.

Debtors obtained a $100,000.00 loan from Modern Federal Savings and Loan in March 1985. The loan was secured by a Promissory Note and Deed of Trust ("Note") on Debtors' residence. (R.Vol. IV, Berkeley's Trial Ex. 1.) In 1992 Berkeley bought the Note from the RTC which apparently came into ownership upon the failure of Modern Federal Savings and Loan. At the time of Berkeley's purchase, Debtors were twenty-one months in arrears. Berkeley made demand for payment and commenced foreclosure proceedings. Debtors cured the default but did not make the next month's payment. Berkeley commenced four foreclosure proceedings. Debtors cured three times, the last time being on May 10, 1994. Debtors made no monthly payments as required by the Note. Berkeley started its fifth foreclosure on August 30, 1994.

In March 1995, Debtors contested the Rule 120 motion in state court by filing an Answer, Counterclaim and demand for jury. Berkeley filed a Motion to Strike Debtors' response. Debtors filed an Amended Response. After a half-day hearing, the state court entered an order authorizing the foreclosure sale. Upon leaving the courthouse after the hearing, Debtors served Berkeley with a Summons and Complaint. The court granted Berkeley's motion to quash service. The complaint also sought a temporary restraining order ("TRO") to stop the foreclosure sale. After the TRO was denied, Debtors filed the subject Chapter 13 bankruptcy petition.

Berkeley claimed as part of its debt, in accordance with the Note, the attorney fees and expenses incurred in its efforts to foreclose upon the property. Debtors objected, asserting (1) they were not in default of their payments at the time Berkeley sent its last demand and right to cure notice in mid–1994 that started the string of litigation; and (2) if Berkeley were entitled to attorney fees, they should be lower because the attorney chosen by Berkeley resided in Denver and all of the litigation was in Grand Junction.

In objecting to Berkeley's claim, Debtors' theory was that they had allegedly overpaid on their debt before Berkeley's ownership and were entitled to a credit which Berkeley should have applied to their monthly payment obligations under the Note. Berkeley admitted in April 1995 it had "overcharged" Debtors by $3,310,19.00 and gave them credit for that sum plus interest totaling $3,519.73. Because of this overpayment, Debtors asserted they were not in default of their loan payments as of the date Berkeley started foreclosure and none of the attorney fees

were necessary. Debtors maintained for years they were overcharged by the loan holder but they were unable to obtain anyone's attention to discuss the problem.

The bankruptcy judge found there were eleven foreclosures started by the loan holders on the Note; Debtors did not make monthly payments according to the terms of Note and would cure at the last moment. He noted Stacy Carpenter is an attorney, yet had nothing in writing indicating the ongoing dispute with the loan holders and had testified he had merely telephoned and kept no notes of his conversations.

Debtors did not dispute they had not made the monthly payments under the Note for years. The bankruptcy court found such nonpayment was a default under the Note and if Debtors had wanted to assert the "overpayment" issue they were required to do so in an action collateral to the Rule 120 hearing in state court. *See Ragsdale Bros. Roofing, Inc. v. United Bank,* 744 P.2d 750, 754 (Colo.App.1987). It found further that, although Debtors had ample opportunity to so assert the issue, they had done nothing except fail to abide by the terms of the Note, await the foreclosure, cure and then again fail to make payment.

The bankruptcy judge determined, even if Debtors had "overpaid," they would still have been obligated to continue monthly payments. Paragraph 3(B) of the Note regarding prepayment provides (1) Debtors notify the Note Holder in writing they are making prepayment; (2) that such prepayment be applied to principal; and (3) there will be no delays in the due dates of monthly payments unless the Note Holder agrees in writing. (R.Vol. IV, Ex. 1 ¶ 3(B).) Also, ¶¶ 5(B) and (C) state, if Debtors do not make their monthly payments, they will be in default. (*Id.* ¶¶ 5(B), (C).)

The bankruptcy court found it was undisputed that any reasonable attorney fees incurred by Berkeley to protect its rights in the event of default are added to the debt owed by Debtors pursuant to ¶ 7 of the Note.[3] Further, because Debtors were in default in their monthly payments as of the

time the latest foreclosure was started, and even if they had claimed an offset or credit, this was no defense to the default asserted in the foreclosure proceeding. Thus, it concluded, Berkeley was entitled to reasonable attorney fees for that litigation.

Having heard expert testimony on the issue, the bankruptcy judge found the amount of attorney fees asserted by Berkeley to be reasonable and necessary. He discounted Debtors' argument that because Berkeley had a Denver attorney attend to its legal affairs, necessitating travel to Grand Junction, some of the fees were unreasonable. Refusing to make that determination, the judge stated the issue to be whether the fees incurred were in line with fees normally charged for the same type of work in the community. Even if the "community" concerned was considered to be Grand Junction, the court found the evidence showed these fees were reasonable.

Accordingly, the bankruptcy judge ordered Berkeley's claim allowed as a secured claim in the amount of $101,265.98 as of the date of filing, April 17, 1995 and that, as of that date Debtors were $13,778.28 in arrears on their debt to Berkeley.

*Jurisdictional Issue.*

■ Federal Rule of Bankruptcy Procedure 8001(a) provides appellate jurisdiction to the district court to review a final judgment or order of a bankruptcy judge.

Berkeley contends matters pertaining to state district court orders denying injunctive and emergency relief are appealable to a state court of appeals pursuant to Colorado Appellate Rule 4(a). It states an order authorizing a foreclosure sale under Colorado Rule of Civil Procedure 120 does not "constitute an appealable order or judgment." Colo.R.Civ.P. 120(d). Berkeley argues Debtors' first four issues on appeal raise questions already decided at the state trial court level. I agree.

An order authorizing the foreclosure sale in accordance with Colo.R.Civ.P. 120 was entered on March 16, 1995. Debtors attempted to enjoin the order authorizing sale in two

---

3. The reference to ¶ 7 is incorrect and should be to ¶ 5(D). (R.Vol. IV, Ex. 1 ¶ 5(D)).

separate actions for injunctive relief in the state district court in accordance with Colo. R.Civ.P. 120(d). They were unsuccessful in both these actions which addressed issues of default and overcharge. Debtors have not appealed the orders on those actions in accordance with Colo.App.R. 4(a).

 As the bankruptcy judge noted, Debtors were required to raise the issue of overpayment in an action collateral to the Rule 120 hearing. (Order at 3.) The judge cited *Ragsdale Bros. Roofing, Inc. v. United Bank*, 744 P.2d 750 (Colo.App.1987) in this regard. The *Ragsdale* court noted that the scope of inquiry in a Rule 120 foreclosure proceeding is "limited to the existence of a default or other circumstances authorizing the sale." *Id.* at 754 (citing Colo.R.Civ.P. 120(d)). That court therefore, further noted "action collateral to the C.R.C.P. hearing is necessary to resolve all other issues." (*Id.*) (citing *Bakers Park Mining & Milling Co. v. District Court*, 662 P.2d 483 (Colo.1983)).

The first four issues raised on appeal are (1) whether Debtors were in default on July 17, 1994 when Notice of Pending Foreclosure was filed; (2) whether Debtors were in default when the foreclosure was filed by Berkeley on August 30, 1994; (3) the default, if any, existing when Debtors filed a Notice of Intent to Cure on October 25, 1994; (4) whether Debtors' overpayment to Berkeley was an advance payment on principal or an overcharge collected by Berkeley, entitling Debtors to a credit against current payments.

These issues concern the Rule 120 foreclosure orders in state district court and should have been raised there or in actions collateral to the Rule 120 hearing. Orders on such collateral actions are appealable not to this court but to the state appellate court under Colorado Appellate Rule 4(a).

Under Bankruptcy Rule 8001 jurisdiction exists to review final judgments or orders of the bankruptcy court only. I determine I am without jurisdiction to consider the first four issues raised on appeal.

*Reasonable Attorney Fees.*

The only remaining issue on appeal is whether Berkeley is entitled to legal fees and costs incurred in their defense of Debtors' claim that the foreclosure was improper.

Under the Note, Berkeley is entitled to recover all of its reasonable costs and expenses for Debtors' default, to the extent not prohibited at law. (R.Vol. IV, Ex. 1 at ¶ 5(D).) As discussed, I do not review any issue concerning whether Debtors were in default at the time of the foreclosures. Accordingly, the only issue for review is whether the attorney fees and costs incurred by Berkeley were reasonable.

 The decision of what constitutes reasonable attorney fees is a question of fact, the determination of which rests in the sound discretion of the bankruptcy court. Such decision shall not be set aside unless clearly erroneous. Fed.R.Bankr. 8013; *Williams v. Bank One Cleveland (In re Dyac Corp.)*, 164 B.R. 574, 577 (N.D.Ohio, E.D.1994).

 "A factual finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.'" *Affiliated National Bank v. TMA Assocs., Ltd. (In re TMA Assocs., Ltd.)*, 160 B.R. 172, 175 (D.Colo.1993) (quoting *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988)).

Nothing in the record persuades me that the bankruptcy judge clearly erred in finding that the attorney fees and costs incurred by Berkeley were reasonable.

*Conclusion.*

I conclude I am without jurisdiction to consider the first four issues raised on appeal. I deny the appeal insofar as it addresses the bankruptcy court's order concerning the award of attorney fees to Berkeley and affirm the order in this regard. Accordingly,

IT IS ORDERED THAT the appeal of Stacy R. Carpenter and Janice Carpenter from the Memorandum Opinion and Order and the Judgment entered by the bankruptcy

court on February 21, 1996 is DENIED and said order and judgment are AFFIRMED.