**1ST CHOICE BANK, Plaintiff–Appellant,**

**v.**

**FISHER MECHANICAL CONTRACTORS, INC.; Collins Cashway Lumber, Inc., a Colorado corporation; and Scott Hergenreter Electric, Defendants–Appellees,**

Roger L. Childers, d/b/a Omega Homes; Arthur Willis, II, Weld County Treasurer; City of Greeley; Scott Masonry, Inc.; Kevin J. Starks, Weld County Public Trustee; and BMC West Corporation, Defendants.

### No. 99CA0840.

Colorado Court of Appeals,
Div. I.

May 11, 2000.

Rehearing Denied July 6, 2000.

Certiorari Denied Jan. 16, 2001.

Dickson and Dickson, P.C., Charles B. Dickson, Greeley, Colorado, for Plaintiff-Appellant.

Witwer, Oldenburg, Barry & Bedingfield, LLP, John J. Barry, Greeley, Colorado, for Defendant-Appellee Fisher Mechanical Contractors, Inc.

William L. Crosier, Greeley, Colorado, for Defendant-Appellee Collins Cashway Lumber, Inc.

Houtchens, Daniel & Greenfield, LLC, Thomas A. Houtchens, Greeley, Colorado, for Defendant-Appellee Scott Hergenreter Electric.

No Appearance for Defendants.

Opinion by Judge RULAND.

In an action to determine the priority of mechanics' liens, plaintiff, 1st Choice Bank, appeals from the trial court's order granting summary judgment in favor of defendants Fisher Mechanical Contractors, Inc.; Collins Cashway Lumber, Inc.; and Scott Hergenreter Electric. We reverse and remand for further proceedings.

As pertinent here, defendant Roger L. Childers obtained a loan from plaintiff for the purpose of purchasing a vacant lot. This loan was secured by a recorded deed of trust.

A month later, Childers obtained another loan from plaintiff secured by a second deed of trust. According to that deed of trust, the purpose of this loan was to finance the construction of a "spec home" on the lot for resale. In addition to recording the deed of trust, plaintiff also recorded a disburser's notice pursuant to § 38–22–126(2), C.R.S. 1999.

Plaintiff later granted Childers a third loan to complete construction of the residence. This loan was secured by a third deed of trust.

During the construction of the residence, defendants provided labor and materials to Childers who was acting as the general contractor. Defendants were not paid, and they filed mechanics' liens against the lot and residence pursuant to § 38–22–101, C.R.S. 1999. The parties agree that these liens were filed after the recording of plaintiff's

second deed of trust, but before the recording of plaintiff's third deed of trust.

Childers did not complete construction of the residence, and plaintiff filed suit to foreclose on the deeds of trust. Defendants were named as parties to the action, and they counterclaimed to foreclose on their mechanics' liens.

Pursuant to an agreement between the parties, plaintiff completed the project, and the residence and lot were sold. Consistent with the agreement, plaintiff was reimbursed for the costs of completing the residence and the sale, and the loan secured by the first deed of trust was also satisfied. The balance of the proceeds was paid into the court registry until priority of the remaining interests could be determined.

Later, in response to submissions by the parties on the priority issue, the trial court determined that plaintiff's second deed of trust was entitled to priority over defendants' liens provided plaintiff could establish two facts. First, plaintiff was required to prove that the subject funds were actually used for construction of the residence. Second, the court determined that plaintiff must establish that defendants had actual knowledge of the second deed of trust.

Defendants then filed a motion for partial summary judgment on the basis that defendants had no actual knowledge of the second loan. The trial court granted the motion, and ordered defendants' liens be paid first. The parties entered into a stipulation reducing the amounts owed defendants to monetary judgments, and plaintiff filed this appeal.

## I.

■ The parties agree that a deed of trust recorded to secure payment of a construction loan can be entitled to priority in some circumstances over mechanics' liens. However, defendants assert that mechanics' lien claimants must receive actual notice of the construction loan before the lender can claim priority. Plaintiff, on the other hand, responds that constructive notice provided by the recorded deed of trust is sufficient and

that the court erred in concluding otherwise. We agree with plaintiff.

■ As relevant here, mechanics' liens are subordinate to a prior recorded deed of trust on the land. *See Darien v. Hudson,* 134 Colo. 213, 302 P.2d 519 (1956). Regarding liens on improvements, § 38–22–103(2), C.R.S.1999, provides:

[A lien] for work done or material furnished for any entire structure, erection, or improvement ... shall attach to such building, erection, or improvement for or upon which the work was done, or materials furnished *in preference to any prior lien or encumbrance,* or mortgage upon the land upon which the same is erected .... (emphasis supplied)

■ Section 38–22–103(2) has been interpreted as granting mechanics' liens priority over a deed of trust recorded on an earlier date to the extent that an entirely new building is being constructed. *See Stinnett v. Modern Homes, Inc.,* 142 Colo. 176, 350 P.2d 197 (1960); *Powder Mountain Painting v. Peregrine Joint Venture,* 899 P.2d 279 (Colo. App.1994)(the priority granted mechanics' liens under the statute does not apply to improvements of existing structures). Thus, a properly filed mechanics' lien becomes the prior lien upon the new structure, while an existing deed of trust remains the prior lien upon the land. *See Ragsdale Brothers Roofing, Inc. v. United Bank of Denver, N.A.,* 744 P.2d 750 (Colo.App.1987). Generally, the priority date for the lien relates back to the time that work was commenced upon the structure. *See* § 38–22–106(1), C.R.S.1999.

■ However, there is an exception to the rule that mechanics' liens have priority on a newly-constructed building. This exception grants the lien of the deed of trust priority insofar as the purpose of the loan was for building the structure and the proceeds were actually used for that purpose. *See Joralman v. McPhee,* 31 Colo. 26, 71 P. 419 (1903); *See also Atkinson v. Colorado Title & Trust Co.,* 59 Colo. 528, 151 P. 457 (1915)(loan proceeds were not applied to the project so the lien of the deed of trust was not superior to mechanics' liens).

Specifically, in *Joralman,* our supreme court held:

> Where mechanics and materialmen have notice of the existence of a mortgage which is given expressly for the purpose of securing funds to construct an improvement, and know that the funds thus obtained are being applied in that way, their rights must be held subordinate to that of the mortgagee, to the extent of such advances, because of this knowledge. In other words, when they know that a structure upon which they are engaged has been pledged as security for advances to be applied towards its construction by a contract entered into before the work of erection was commenced, they are bound by such an arrangement, up to the extent that funds under such contract are actually advanced and applied to construct the building.

*Joralman v. McPhee, supra,* 31 Colo. at 37, 71 P. at 422.

The lien claimants in *Joralman* had constructive notice of the terms of the mortgage because it was recorded. They also had actual notice of the construction loan. However, we do not read *Joralman* as limiting the type of notice required to that of actual knowledge.

■ This is because, in reaching its conclusion, the *Joralman* court stated that lien claimants' rights are dependent upon the "law of notice and contract" unless those rights have been modified by statute. *See Joralman v. McPhee, supra.* The law of notice includes constructive notice. *See Arnove v. First Federal Savings & Loan Ass'n,* 713 P.2d 1329 (Colo.App.1985).

We also find it significant that our supreme court later distinguished *Joralman* from a case in which a construction mortgage was recorded after the lien claimants' liens had attached. *See Howard v. Fisher,* 86 Colo. 493, 283 P. 1042 (1929). In distinguishing the two cases, the *Howard* court focused exclusively on recordation. Finally, we find further support for our reading of *Joralman* from the fact that certain of the cases relied upon by the court in support of its holding suggest that record notice is sufficient to secure priority. *See Kiene v. Hodge,* 90 Iowa 212, 57 N.W. 717 (1894); *Hoagland v. Lowe,* 39 Neb. 397, 58 N.W. 197 (1894).

■ Thus, we conclude that under *Joralman,* mechanics' liens are not entitled to priority under § 38–22–103(2) over a pre-existing deed of trust expressly intended to secure a loan for construction if (1) the deed is recorded prior to attachment of the mechanics' liens and (2) the loan proceeds are used for construction purposes. *See* D. Wells, T. Scoby, & L. Labe, *Mechanics' Liens, Construction Bonds and Remedies for Nonpayment Under Colorado Law* II–45 (1990)(if construction loan deed of trust correctly recites its purpose as a construction loan and is recorded before the commencement of work, the deed of trust will be prior on both the land and improvements unless the money advanced is not actually used for construction purposes).

■ Here, plaintiff's deed of trust provided that its purpose was to provide funds for construction of a spec home. Hence, defendants, as the lien claimants, were charged with constructive notice of the second deed of trust lien from the time the subject instruments were recorded. *See Province v. Johnson,* 894 P.2d 66 (Colo.App.1995)(purpose of recording statute is to notify subsequent encumbrancers of the rights such instruments are intended to secure, and therefore a properly recorded instrument places them on constructive notice of the interests contained in it). Thus, the pre-existing deed of trust is entitled to priority insofar as its proceeds were actually applied in making the improvement. *See Joralman v. McPhee, supra.*

To the extent defendants contend that *Darien v. Hudson, supra,* requires a different result, we view that case as inapplicable. In *Darien,* mechanics' lien claimants were awarded priority for improvements to a residence over a prior recorded deed of trust. The borrower's agreement with the lender provided that certain funds were to be used for construction. However, the holding in *Darien* did not address the issue of notice because the court determined that the subject funds were not, in fact, applied to improve the structure.

Also contrary to defendants' contention, we do not agree that this application of the statute frustrates the purpose and intent of mechanics' lien legislation. Instead, under the construction urged by defendants, the availability of construction loans could be significantly reduced and made more costly because the lender would have to take additional steps to secure protection from the claims of subcontractors employed long after the loan was approved.

Conversely, under the interpretation we apply here, the mechanics and subcontractors are provided protection in that a record search can reveal any prior liens securing any construction loans, and the subcontractor can then determine if it is appropriate to work on the project under those circumstances.

## II.

The trial court's order granting summary judgment was based upon its determination that actual notice of plaintiff's deed was required. In connection with its motion for summary judgment, defendants concede that they had constructive notice of plaintiff's deed of trust, and that plaintiff recorded its deed prior to defendants' initiation of any work or the provision of material to the subject property site. Accordingly, we must remand the case for a determination of the remaining issue of fact, namely, whether and to what extent the proceeds from plaintiff's second loan were actually used to build the residence.

Because the issue may arise on remand, we also note that plaintiff has the burden of proving the validity of its lien and thus how the proceeds of the loan were used. *See Kalamath Investment Co. v. Asphalt Paving Co.,* 153 Colo. 109, 384 P.2d 938 (1963). *See also First National Bank of Greenville v. Virden,* 208 Miss. 679, 45 So.2d 268 (1950)(a party advancing funds for construction must proceed with reasonable diligence when turning money over to a contractor and thus its lien will only be superior to the liens of materialman to the extent the funds actually went into the project).

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Judge METZGER and Judge NIETO concur.