Howard MYERS, individually and as father and next best friend of Ethan Myers and Lukas Myers, minors, Plaintiff,

v.

ALLIANCE FOR AFFORDABLE SERVICES a/k/a or d/b/a or separately Alliance for Affordable Health Care Association; Kenn Kochan a/k/a Kenneth Kochan; Mid–West National Life Insurance Company a/k/a or d/b/a or separately Mid–West National Life Insurance Company of Tennessee, Defendants.

No. CIV.04–B–396(CBS).

United States District Court,
D. Colorado.

May 20, 2004.

Kirk Randall McCormick, McCormick & Murphy, P.C., Colorado Springs, CO, for Plaintiff.

Dwight M. Francis, Aimee Cook, Gardere, Wynne & Sewell, LLP, Dallas, TX, Eugene M. Sprague, Berenbaum, Weinshienk & Eason, P.C., James E. Gigax, Mark Forrest Bell, Bloom, Murr & Accomazzo, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Plaintiffs Howard, Ethan, and Lukas Myers bring claims for negligence, breach of fiduciary duty, breach of contract, bad faith, and extreme and outrageous conduct based on a car accident that occurred after Plaintiffs applied for health insurance with Defendants Alliance for Affordable Services ("Alliance"), and Mid-west National Life Insurance Company ("Mid-west"). Defendants contend that they did not cover Plaintiffs at the time of the accident.

Mid–West and Defendant Kochan ("Kochan"), the insurance agent with whom Plaintiffs interacted, filed a notice of re-

moval from the El Paso, Colorado District Court to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332 (diversity), 1334(b) (bankruptcy-related claims), 1441(a) and (b) (removal), and 1446(a) and (b) (removal procedure). Alliance consents to the removal. Plaintiffs object to removal and move to remand the case to state court. For the following reasons, I deny Plaintiffs' motion.

## Discussion

Plaintiffs allege that they paid Defendants for a health insurance policy, and Defendants represented that one would be issued. Before Defendants sent Plaintiffs the policy, Plaintiffs Ethan and Lukas Myers were involved in a catastrophic head-on automobile collision with a drunk driver and incurred $750,000 each in medical expenses. After learning of the accident, Mid-west allegedly attempted to return the funds it had accepted for the health policy, declaring it invalid.

■ Whether removal to this Court was proper depends on Defendant Kochan, a Colorado citizen. He is a debtor in a bankruptcy case currently pending in the United States Bankruptcy Court for the District of Colorado. "A valid automatic stay pursuant to [11 U.S.C.] § 362 precludes all proceedings against a debtor immediately following the filing of a bankruptcy petition." *Jardine's Professional Collision Repair, Inc. v. Gamble*, 232 B.R. 799, 801 (D.Utah 1999). The automatic stay:

is triggered upon the filing of a bankruptcy petition regardless of whether the other parties to the stayed proceeding are aware that a petition has been filed. The automatic stay cannot be waived. Relief from the stay can be granted only by the bankruptcy court having jurisdiction over a debtor's case.

*(In re Vierkant) LaBarge v. Vierkant,* 240 B.R. 317, 320–21 (8th Cir.B.A.P. 1999) (internal citations omitted). Plaintiffs have not requested relief from the automatic stay to pursue their claims against Kochan. The bankruptcy court has not granted Plaintiffs relief from the stay. Defendants argue that, as a result, Plaintiffs' action against Kochan is void *ab initio.* I agree. Therefore, Kochan's citizenship is irrelevant for establishing diversity jurisdiction.

Disregarding Kochan's Colorado citizenship, diversity jurisdiction exists under 28 U.S.C. § 1332. Defendant Mid-west is based in Texas. Defendant Alliance is based in the District of Columbia. Plaintiffs are from Colorado. The matter exceeds $75,000. Therefore, removal was proper and procedurally correct under 28 U.S.C. § 1441(a). It provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

Plaintiffs contend they have pleaded claims against Kochan that may result in his independent liability and that will not be extinguished in bankruptcy, including fraud, breach of fiduciary duty, and facts that may establish a claim for punitive damages under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). However, it remains that Plaintiffs did not seek relief from Kochan's bankruptcy stay before filing their claims. Plaintiffs have filed with the bankruptcy court a Complaint to Determine Dischargeability of Debt. Yet that motion has not been granted and it would be presumptuous for me to conclude that the bankruptcy court is likely to grant it.

■ Regardless of the bankruptcy court's decision on that motion, "diversity

of citizenship is assessed at the time that the action is filed." *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). Therefore, even if Plaintiffs were relieved from the bankruptcy stay, diversity jurisdiction in federal court has existed from the day Plaintiffs filed their Complaint. It is undisputed that at that time, Kochan had already began bankruptcy proceedings. Also at that time, the automatic stay protected him from Plaintiffs' claims against him. Therefore, the fact that he is a Colorado citizen does not divest this Court of diversity jurisdiction because Kochan is and has never been a valid Defendant.

ACCORDINGLY, IT IS ORDERED THAT:

1) PLAINTIFFS' motion in opposition to removal and for remand back to Colorado state court is DENIED.